# Wytheville

THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED v. BEATRICE HALEY, EXECUTRIX, ETC.

June 16, 1932.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*James H. Price, W. K. Mathews, Williams & Mullen, Guy B. Hazelgrove* and *Ralph T. Catterall,* for the plaintiff in error.

*Allen & Jefferson,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

At a former term of this court the writ of error by which

the case was placed upon the docket was dismissed on motion made to that end by counsel for the defendant in error on the ground that the requirement of Code, section 6252, as to the giving of reasonable notice, to the opposite party or his attorney, of the time and place at which the bill or bills of exception are to be tendered, was not complied with. The plaintiff in error filed a petition to rehear which was granted and the case was reheard.

The court is of opinion that its former action was clearly right and doth sustain the renewed motion to dismiss. The pertinent part of the statute is as follows: " * * * But before the court, or judge in vacation shall sign any bill of exception so tendered it shall appear in writing that the opposite party or his attorney has had reasonable notice of the time and place at which said bill of exception is to be tendered to the court or judge; * * *."

It appears that on the last day on which the bills of exception could be tendered, counsel for the opposite party was served with notice that at 2:45 P. M. on that day, the bills of exception would be presented for the signature of the judge. The notice was served upon counsel at 1:18 P. M. of that day, just one hour and twenty-seven minutes before the bills were to be presented. Counsel was at the time engaged in the trial of another case but he appeared and objected to the signing of the bills of exception on the grounds stated. The judge adjourned the matter until 5:30 of the same day to give counsel time to read the bills, which he could not avail himself of because of having to continue with the trial he was then prosecuting. The matter was taken up at 5:30, when two additional bills of exception, of which he had no previous notice, were presented, at which time the judge signed them. The court is of opinion that the provision of the statute is mandatory and that the notice was not reasonable within the plain meaning of its terms, which are jurisdictional. We can do nothing but dismiss the case.                                    *Dismissed.*