## Richmond

GILBERT SNEAD V. COMMONWEALTH OF VIRGINIA.

May 4, 1959.

Record No. 4927.

Present, All the Justices.

The opinion states the case.

*W. A. Hall, Jr.*, for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Albertis S. Harrison, Jr., Attorney General*, on brief), for the Commonwealth.

I'ANSON, J., delivered the opinion of the court.

Gilbert Snead, hereinafter referred to as the defendant, was convicted of grand larceny on an indictment charging him with statutory burglary and grand larceny and his punishment fixed by the jury at confinement in the state penitentiary for a period of five years.

The trial judge overruled a motion for a new trial and sentenced him in accordance with the finding of the jury. To this judgment we granted a writ of error and supersedeas.

The defendant's assignments of error may be summarized as follows:

(1) That the indictment does not charge any crime.

(2) That the indictment does not contain an adequate description of the allegedly stolen personal property.

(3) That the evidence was not sufficient to support a verdict of either grand or petit larceny.

(4) That the court erred in granting the Commonwealth's instruction #3.

Under our view of the case it will not be necessary to quote the language of the indictment or the instruction complained of, since at the outset the defendant is confronted with a motion to dismiss the writ of error and supersedeas for his failure to comply with Rule 5:1, § 3(f) of the Rules of this Court.

The Commonwealth contends that the motion to dismiss should be sustained for the following reasons:

"1. That reasonable notice required by Rule 5:1 § 3(f) of the Rules of this Court was not given to the Attorney for the Commonwealth by counsel for the defendant that he would present a narrative of the evidence to the Judge of the Circuit Court of Albemarle County, Virginia, on June 16, 1958, in the City of Charlottesville, Virginia.

"2. That the Attorney for the Commonwealth was not given reasonable opportunity to examine the narrative of the evidence as required by Rule 5:1, § 3(f).

"3. That the narrative of the evidence is incomplete and inaccurate."

We have many times said the Rules of this Court must be complied with in order to promote the orderly, fair, and expeditious administration of justice. *Lawrence v. Nelson*, 200 Va. 597, 598, 106 S. E. 2d 618, 620.

Rule 5:1, § 3(f), provides that: "* * * *Counsel* tendering the transcript or statement shall give opposing counsel reasonable written notice of the time and place of tendering it *and* a reasonable opportunity to examine the original or a true copy of it." (Emphasis added.)

Counsel for the defendant delivered a written notice to the Attorney for the Commonwealth at his residence in Charlottesville on June 16, 1958, at 7:00 o'clock, P. M., advising the Attorney for the

Commonwealth that he "will on June 16, 1958, present to the Hon. Lyttelton Waddell Judge—Cir court of Albermarle Co, a narrative of the evidence in Com. v. Gilbert Snead, sentenced for Grand Larceny Apr. 18, 1958, for his signature, & authentication in order to apply to Supreme Ct of Apps of Va. for Writ of Error & Supersedeas—will present same to Judge Waddell at his residence in Charlottesville Va June 16-1958."

It will be noted that the hour for tendering the statement to the trial judge is not set out in the notice.

The certificate of the trial judge reveals that on June 16, 1958, at 7:30 o'clock, P. M., one half hour after notice was received by the Attorney for the Commonwealth, a narrative of the evidence was presented to him; that the last paragraph of the narrative of the evidence was added by him; that he signed the certificate on June 24, which is within the seventy-day period prescribed by the Rules; and that before he signed the narrative statement of the evidence the Commonwealth's Attorney of Albemarle County had an opportunity to examine it and made no objection except as to the sufficiency of the notice.

The Commonwealth contends that what constitutes reasonable notice to opposing counsel of the time and place for tendering a narrative of the evidence to the judge must be determined by the facts of each particular case. It relies on *Bacigalupo* v. *Fleming*, 199 Va. 827, 102 S. E. 2d 321; and *Ocean Accident and Guarantee Corporation, Limited* v. *Haley*, 158 Va. 691, 164 S. E. 538.

In *Bacigalupo* v. *Fleming, supra,* counsel for the appellant delivered to opposing counsel a transcript of the evidence on March 19, 1957, and informed her that he would present it to the judge on March 22, which was the last day of the sixty-day period prescribed by the Rules. On the next day counsel for the appellee retrned the transcript and informed counsel for the appellant in writing that she had not been given sufficient time to examine it. Counsel for the appellant, on the same day, gave written notice to counsel for the appellee that on March 22 at the designated time and place he would tender the transcript to the trial judge. The transcript was presented on March 22 and the trial judge fixed March 27 as the day for the correction of any errors that might be pointed out and the day on which he would sign the transcript. The transcript was signed by the trial judge on March 27, which was within the seventy-day period allowed by the Rules. We held that under all the circumstances reasonable notice of the presentation of the transcript to the judge had been given

opposing counsel and a reasonable opportunity had been given her to examine the transcript. (199 Va. at pp. 835, 836, 102 S. E. 2d at pp. 326, 327.)

In *Ocean Accident Corp.* v. *Haley, supra,* notice was served upon counsel for the opposite party at 1:18 P.M. that bills of exception would be tendered to the judge for his signature on the same day at 2:45 P.M. Counsel at the time was engaged in the trial of another case but he did appear and object to the signing of the bills of exception on the grounds that he had not received reasonable notice. The trial judge adjourned the matter until 5:30 of the same day to give counsel an opportunity to read the bills of exception, but since he was engaged in the trial of another case he was unable to find time to read the bills before the appointed hour. The judge took the matter up again at 5:30 and signed the bills of exception. The applicable statute was § 6252[1], Code of 1919, as amended, Acts of 1924, c. 68, p. 62; Acts of 1930, c. 246, p. 633; and the pertinent part read as follows: "[B]ut before the court, or judge in vacation shall sign any bill of exception so tendered it shall appear in writing that the opposite party or his attorney has had reasonable notice of the time and place at which said bill of exception is to be so tendered to the court or judge * * *." In construing this section this Court held (158 Va. at p. 692, 164 S. E. at p. 538) "that the provision of the statute is mandatory and that the notice was not reasonable within the plain meaning of its terms, which are jurisdictional."

Rule 5:1, § 3(f)[2] contains language similar to that used in § 6252, Code of 1919, and additional language requiring counsel to give opposing counsel a reasonable opportunity to examine the transcript or statement.

The record in this case discloses that counsel presenting the petition for a writ of error and supersedeas did not represent the defendant in his trial in the lower court. It was necessary that he rely upon the recollection of others present at the trial for a fair statement of the evidence. He states in his petition, which was adopted as his opening brief, that the "narrative of the evidence adduced at the trial of the plaintiff in error, Gilbert Snead, is of a confusing nature and character, and allowing inferences and presumptions in favor of the Commonwealth against the defendant, a picture of the

---

[1] This section was subsequently § 8-330, Code of 1950, which was repealed in 1954, Acts of 1954, c. 593.

[2] Rule 5:1, § 3(f) superseded Rule XXI Feb. 1, 1950. Rule XXI supplanted Rule XXIV, Jan. 1, 1939. Rule XXIV became effective June 16, 1930.

facts adduced follows." It is important that time be given opposing counsel for a reasonable opportunity to analyze such statements characterized by defendant's counsel as being confusing. The entire testimony of a very material witness was left out of the narrative statement when it was presented to the trial judge and it was necessary for him to insert it. We are of the opinion that the notice delivered to the Commonwealth's Attorney at his residence, after office hours, thirty minutes before tendering a narrative statement of the evidence to the trial judge for his signature, does not constitute reasonable notice within the plain meaning of Rule 5:1, § 3(f) and that the terms of the Rule are mandatory and jurisdictional.

The plain language of the Rule requires *counsel* to *give* opposing counsel reasonable written notice of the time and place of tendering the transcript or narrative of the evidence *and* to *give* him a reasonable opportunity to examine it. The duty rests on counsel to afford the reasonable opportunity to examine and not on the trial judge.

For failure of counsel to comply with Rule 5:1, § 3(f) the writ of error and supersedeas is dismissed, the effect of which is to affirm the judgment of the lower court.

It may not be amiss for us to say that we have reviewed the case and find no merit in the defendant's assignments of error.

*Affirmed.*