PAUL E. SULLIVAN, ET AL. v. LITTLE HUNTING PARK, INC., ET AL.

T. R. FREEMAN, JR., ET AL. v. LITTLE HUNTING PARK, INC., ET AL.

October 14, 1968.

Record Nos. R-8257 and R-8176.

Present, All the Justices.

*Robert M. Alexander, Allison W. Brown, Jr.* and *Peter Ames Eveleth,* on petition for appellants in Record Nos. R-8176 and R-8257.

*John Charles Harris*—no brief in opposition for appellees in Record Nos. R-8176 and R-8257.

Per Curiam.

On August 4, 1967, a petition for appeal was filed in this court by Paul E. Sullivan, his wife, and their seven minor children. On August 25, 1967, a petition for appeal was filed by T. R. Freeman, Jr., his wife, and their two minor children. The petitions sought the reversal of decrees of the Circuit Court of Fairfax County in two chancery causes wherein the Sullivans and the Freemans had filed individual bills of complaint against Little Hunting Park, Inc., a Virginia corporation chartered to operate a community swimming pool, and the directors thereof. The petitions asserted that by their bills, the complainants had sought injunctive relief and monetary damages for the allegedly wrongful acts of the defendants in re-

fusing to approve the assignment by Sullivan of his membership share in the corporation to Freeman, a member of the Negro race, and in expelling Sullivan from membership in the corporation.

On December 4, 1967, this court rejected the said petitions and refused the said appeals because, in the words of the order entered in each case, "the appeal was not perfected in the manner provided by law in that opposing counsel was not given reasonable written notice of the time and place of tendering the transcript and a reasonable opportunity to examine the original or a true copy of it (Rule 5:1 § 3(f); *Snead* v. *Commonwealth*, 200 Va. 850, 108 S.E.2d 399)."

On October 5, 1968, the clerk of this court received from the Supreme Court of the United States a copy of an order dated October 4, 1968, entered in the consolidated Sullivan and Freeman cases, amending an order entered June 17, 1968, and reciting that in the earlier order it was ordered and adjudged "that the judgments of the said Supreme Court of Appeals in these causes be vacated with costs, and that these causes be remanded to the Supreme Court of Appeals of the Commonwealth of Virginia for further consideration not inconsistent with the opinion of this Court."

The opinion of the Supreme Court referred to in its order of June 17, 1968, was as follows:

"The petition for a writ of certiorari is granted and the judgment is vacated. The case is remanded to the Supreme Court of Appeals of Virginia for further consideration in light of *Jones* v. *Alfred H. Mayer Co.*, U.S. , No. 645, decided this date."

The case of *Jones* v. *Alfred H. Mayer Co.*, 392 U. S. 409, 88 S. Ct. 2186, 20 L. ed. 2d 1189 (1968), referred to in the opinion of the Supreme Court, dealt not with the question of the application by a state appellate court of its rules of procedure in determining its jurisdiction to entertain an appeal. Instead, the *Jones* case dealt with the question of the refusal of the Mayer company to sell Mr. and Mrs. Jones a home because Mr. Jones was a Negro. By applying an 1866 act of Congress, 42 U. S. C. § 1982, the Court found such refusal discriminatory and illegal.

In *Snead* v. *Commonwealth*, 200 Va. 850, 108 S. E. 2d 399, referred to in the orders of this court refusing the appeals in these cases, we held the terms of Rule 5:1, § 3 (f) to be mandatory and jurisdic-

tional, and for the failure of counsel for Snead to meet the requirements of the Rule, the writ of error and supersedeas was dismissed.

Our orders of December 4, 1967, refusing the appeals in these cases, were adjudications that this court had no jurisdiction to entertain the appeals because of the failure of counsel for the Sullivans and the Freemans to meet the requirements of Rule 5:1, § 3 (f). Only this court may say when it does and when it does not have jurisdiction under its Rules. We had no jurisdiction in the cases when they were here before, and we have no jurisdiction now. We adhere to our orders refusing the appeals in these cases.