# Richmond

SAMUEL A. STEINGOLD, ETC. V. EMMETT T. SEATON, ETC.

June 14, 1948.

Record No. 3343.

Present, Hudgins, C. J., and Eggleston, Buchanan, Staples and Miller, JJ.

The opinion states the case.

*Sands, Marks & Sands,* for the appellant.

*Christian, Barton, Parker & Boyd, A. J. Brent, David Meade White, Jr., Kenneth C. Patty, George R. Humrickhouse* and *Robert N. Pollard, Jr.*, for the appellees.

MILLER, J., delivered the opinion of the court.

The Circuit Court of the city of Richmond, by decree entered on the 13th day of September, 1944, in the chancery cause of Emmett T. Seaton, etc., complainant, versus Samuel L. Swindell, individually and trading as Princess Laundry, respondent, appointed Samuel A. Steingold receiver for the respondent. The Princess Laundry, then owned by respondent, was a going concern. The receiver was empowered to continue its operation to the end that upon selling it a more profitable disposition and liquidation might be made. He gave bond, entered upon his duties as receiver, undertook the operation of this laundry, and did so operate it for about five months. The operation necessitated the employment of a number of persons and the making of substantial expenditures, but being unprofitable, it was discontinued. Shortly thereafter, on the 27th day of March, 1945, the laundry and all assets and equipment incident thereto were sold under decree of court.

After the sale this cause was referred to a commissioner who was directed to inquire and report to the court what debts and demands were outstanding against Samuel L. Swindell, individually and trading as Princess Laundry, and the order of their priority; what taxes were owing by the said Swindell; an account of the transactions of the receiver, Samuel A. Steingold, and an account of the debts and demands against the receiver and their respective priorities, and any other matter deemed pertinent by the commissioner.

In compliance with this decree, the commissioner heard evidence of sundry witnesses, considered numerous exhibits which were filed before him, and procured an audit of the receiver's accounts.

On October 20, 1945, the commissioner filed his report to which exceptions were taken by interested parties. Some of them challenged the actions of the receiver and asserted that he was not entitled to various credits allowed by the commissioner—in short, it was claimed that he had been allowed credits in the amount of $7338.31 and personal compensation of $605.47, or a total of $7943.78 to which he was not entitled in the settlement of his account. Exceptions were also taken by certain creditors to the priorities of several claims as reported and allowed by the commissioner.

Before the court finally determined the issues presented by these exceptions, Samuel A. Steingold, the present appellant, obtained leave to present further testimony in support of his account and actions as receiver.

Evidence was heard *ore tenus* on November 15, 1946. Exclusive of lengthy statements of counsel, it consists of about twenty-eight printed pages.

The decree entered on the 12th day of June, 1947, sustained most of the exceptions. It ordered the appellant to refund to the receivership account the $7943.78, and removed him as receiver. From that decree, an appeal was awarded to Samuel A. Steingold, individually and as receiver of Samuel L. Swindell.

On the 5th day of January, 1948, motion was made before this court by certain appellees, now joined in by all appellees, to dismiss this appeal. It is asserted that the testimony taken *ore tenus* on the 15th day of November, 1945, and the exhibits filed therewith were never properly made a part of the record and cannot now be considered by this court. It is further claimed that it constitutes a material part of the evidence acted upon by the trial court and as this court cannot now consider it, the conclusive presumption is that the chancellor correctly determined the several matters presented by the exceptions to the commissioner's report.

Appellant insists that the evidence heard *ore tenus* has been made a part of the record by decrees of the trial court and also as required by statute and Rule 21 of this court.

Thus it becomes necessary to dispose of this question before consideration of the assignments of error set forth in appellants petition for appeal .

The evidence heard *ore tenus* was taken by a court reporter, transcribed and placed before the trial judge before entry of the decree appealed from.

The first two paragraphs of the decree appealed from disclose that the court considered the evidence taken *ore tenus* in arriving at the conclusions reached. These paragraphs read, in part, as follows:

"This cause came on this day to be again heard upon the papers formerly read, the orders and decrees heretofore entered, the report of Charles U. Williams, Jr., the master commissioner to whom this cause was heretofore referred, * * * and upon evidence taken *ore tenus* at the bar of this court; and was argued by counsel:

"Upon Consideration Whereof, the court having maturely considered the said commissioner's report and the exceptions thereto, and the testimony of witnesses heard *ore tenus* * * *, doth accordingly Adjudge * * *:"

On February 19, 1947, a short decree was entered by the trial judge which ordered the payment of $74.00 to A. Colton Williams for "reporting and transcribing testimony taken in the cause before this court on November 15, 1946." These recitals, that is—the recital in the decree of February 19, 1947, and those in the two paragraphs of the decree appealed from, constitute the only reference to this evidence in the decrees of the court.

The printed record also discloses that the following notation was made upon the transcript, "Filed by judge, Feb. 19, 1947." In argument at the bar of this court, it was conceded that this notation was made by the clerk of the trial court.

On the 23rd day of September, 1947, one hundred and three days after entry of the final decree, the trial judge signed the following certificate to that portion of the evidence which was heard *ore tenus*:

"I, Julien Gunn, Judge of the Circuit Court of the City

of Richmond, State of Virginia, who was presiding Judge at the hearing of the cause of Emmett T. Seaton, trading as Richmond Fuel Co. v. Samuel Swindell, individually and trading as Princess Laundry, in the said Circuit Court of the City of Richmond on the 15th day of November, 1946, do hereby certify that the foregoing is a true and correct transcript of evidence taken *ore tenus* at the bar of said Court, and directed to be preserved pursuant to Section 6228a of the Code of Virginia and referred to in decree of said court dated June 12, 1947, which evidence was supplementary to evidence taken by depositions and exhibits therewith filed, before Commissioner Charles U. Williams, Jr., and returned and filed in the cause with said Commissioner's report and that the said transcript of evidence taken *ore tenus* includes exhibits therewith offered, as well as all of the objections to such evidence or any part thereof offered admitted, rejected or stricken out, together with all motions and objections of the parties, all ruling of the Court thereon, and all exceptions of the parties thereto, together with the other incidents of such portion of the hearing of said cause, the same having been filed February 19, 1947."

The question presented for determination is: Does the reference in the two decrees to the evidence which was heard *ore tenus*, or the notation made thereon by the clerk of the court, "Filed by Judge, Feb. 19, 1947," or the certificate of the judge signed one hundred and three days after the entry of the final decree, make this evidence a part of the record so that it can be considered by this court?

The decree of June 12, 1947, constituted a complete and final determination of appellant's liability. Under sec. 5962a of the Code of Virginia (Michie) 1942, it became final as to appellant fifteen days after its entry. *Carney* v. *Poindexter*, 170 Va. 233, 196 S. E. 639.

In *Ross Cutter, etc., Co.* v. *Rutherford*, 157 Va. 674, at page 683, 161 S. E. 898, it is said:

"A court of chancery in the absence of some statutory provision, has no more power to add to the record in a

cause after it has lost jurisdiction of the cause than has a court of law in the absence of statute."

Taking the printed record as presented and considering first the recital of the two decrees that certain testimony was heard *ore tenus*, does such recital in and of itself make that evidence a part of the record? We think not. The decrees do not undertake to make it a part of the record. It is but a formal part of one decree bringing the cause on to be heard, and in the other a statement of how the reporter's bill was incurred. Controlling of this question is the decision in *Claud v. Pulley*, 169 Va. 467, 194 S. E. 670, and the several cases there cited. At page 469 it is said:

"The defendant, in answer to the motion to dismiss the appeal, cites to this court the decree from which the appeal was allowed. The formal part of the decree brings on the case with the usual recital of the various steps taken, which includes the depositions of witnesses taken on behalf of the complainant and respondents, 'this day filed.'

"We do not think that this supplies the absent requirement referred to."

Of similar import is the decision in *Nethers v. Nethers*, 160 Va. 335, 168 S. E. 428.

In *Ross Cutter, etc., Co. v. Rutherford, supra*, at p. 682, Justice Epps expressly states that a mere recital in a decree bringing a cause on to be heard on evidence taken *ore tenus* does not make such evidence a part of the record. On page 682, he said:

"Nor does the recital of the decree that the cause was heard upon testimony taken *ore tenus* so identify and authenticate a transcript thereof found in the papers in the cause as a part of the record as to make such transcript a part of the record."

Nor does the notation on the transcript, "Filed by Judge, Feb. 19, 1947," made thereon by the clerk, make such evidence a part of the record. A somewhat similar notation was made in the case of *Claud v. Pulley, supra*, which was not deemed sufficient to be considered in the appellate court. The court denied the motion to require

the record in the lower court to be produced and thereby disclose such endorsement, and in so doing, said at p. 469:

"The provisions of section 6345 of the Code are evoked by the defendant to the end that this court may require the record in the lower court to be here produced for the purpose of showing that the testimony in this case was marked, 'Filed, J. L. M., March 24, 1936.'

"The effect of this would be adding to the record by this court, in derogation of the statutes above referred to and the rule of this court, cited, and the decisions pointed out, upon an exparte assertion that the alleged omitted matter exists."

"This we cannot do and we have no volition in the matter."

In *Ross Cutter, etc., Co.* v. *Rutherford, supra,* the court also discussed the effect of the clerk having marked the transcript of certain evidence heard *ore tenus* as filed on the day the final decree was entered. In that connection, the court said at p. 682:

"Neither the clerk's act in copying a transcript of the oral testimony into the record, his marking of the transcript filed on the day the final decree was entered, nor his certificate that it was filed as a part of the record is sufficient without the authenticating certificate of the judge, to make it a part of the record."

This brings us to the last contention made by aplant which is that the certificate of exception which undertook to incorporate the *ore tenus* evidence as part of the record, signed one hundred and three days after entry of the decree appealed from, constitutes compliance with sec. 6253 of the Code. Having determined that the decree of June 12, 1947, was final in its adjudication of the appellant's liability, it necessarily follows that the same could not be altered or added to unless such was done before adjournment of the term of the court at which it was entered or within fifteen days from the date of entry, depending upon which period should first arrive.

An inspection of the record, including the certificate

signed by the trial judge, does not disclose that the same was tendered within sixty days from entry of final decree as required by Rule 21 of this court and secs. 6252 and 6253 of the Code, or that it was signed by the trial judge within the specified period of seventy days after entry of judgment. The tender of this certificate within the sixty days is mandatory. Burks' Pleading and Practice, 3rd ed., sec. 284, p. 492, and cases cited. See also the article by Ralph T. Catterall entitled "Practice in the Supreme Court of Appeals of Virginia," 33 Va. L. R. 220.

 The chancellor having considered the evidence heard *ore tenus* on Nov. 15, 1946, in determining what sums should be refunded by appellant to the receivership account, and that evidence not being a part of the record to be considered by this court, the decision of the chancellor which involved questions of fact as well as questions of law is presumed to be correct and is conclusive upon this court. *Potts* v. *Flippen*, 171 Va. 52, 197 S. E. 422.

It is therefore necessary that the motion to dismiss the appeal and supersedeas be sustained.

However, the weight and effect of the evidence heard *ore tenus* and which is contained in the printed record having been argued at length before this court, it is proper to state that had the same been a part of the record and considered by us, we would have been constrained to find no error in the conclusions reached by the chancellor upon the several items decreed to be refunded to the receivership account by appellant.

The motion to dismiss the appeal and supersedeas is sustained.

*Dismissed.*