### 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓

PENNY VALERIE DUDLEY, AN INFANT, ETC. v. FLORENCE DRUG CORPORATION.

September 11, 1963.

Record No. 5605.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*Joseph Teck* and *Paul M. Lipkin* (*Goldblatt & Lipkin*, on brief), for the plaintiff in error.

*Peter W. Rowe* (*Harry E. McCoy; Seawell, McCoy, Winston & Dalton*, on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

Penny Valerie Dudley, an infant, plaintiff herein, brought this action by her next friend to recover damages for injuries suffered when she fell through a broken glass door while entering the store of the Florence Drug Corporation, the defendant herein. The case was tried by a jury, and at the conclusion of all the evidence presented on behalf of the plaintiff the trial court sustained a motion

to strike the evidence and entered summary judgment for the defendant. From this judgment we granted plaintiff a writ of error.

The defendant has moved to dismiss the writ of error upon the ground that the transcript of the evidence and other incidents of trial in the court below was not tendered to the trial judge within 60 days after final judgment, pursuant to Rule 5:1, § 3(e) and (f), Rules of Court.

Final judgment in this case was entered by the trial court on June 25, 1962. On July 25, 1962, plaintiff filed with the clerk of the trial court her notice of appeal and assignments of error.

On August 27, 1962, counsel for defendant accepted service of a notice that the transcript of the evidence and other incidents of trial would be presented to the trial court for certification on August 28, 1962. This notice was dated August 23, 1962, which was the date plaintiff's counsel gave notice by letter of his intention to present the transcript to the trial court.

The transcript was never presented to counsel for defendant for his signature and was not signed at the end by counsel for all parties. The certificate appended thereto read that it was tendered and signed within 60 days from the entry of final judgment, but it appears that the trial judge changed the language to read that it was *"tendered and signed* [by him] *within 70 days"* after final judgment and he signed the certificate as amended on August 30, 1962. (Emphasis added.)

Rule 5:1, § 3(e), provides in part:

"Oral testimony and other incidents of the trial * * * become part of the record when delivered to the clerk, if the transcript or statement is signed at the end by counsel for all parties and *tendered to the judge within 60 days and signed by the judge within 70 days after final judgment.* * * *" (Emphasis added.)

The relevant part of sub-section (f) of Rule 5:1, § 3, provides:

"Such a transcript or statement not signed by counsel for all parties becomes part of the record when delivered to the clerk, if it is *tendered to the judge within 60 days and signed at the end by him within 70 days after final judgment.* * * * *He shall note on it the date it was tendered to him and the date it was signed by him."* (Emphasis added.)

Thus, in plain, simple and concise language the above Rule of Court provides that in order to make the evidence and other incidents of trial a part of the record for purposes of an appeal to this Court,

whether or not the transcript is signed by counsel for all parties it must be tendered to the trial judge within 60 days and signed by him within 70 days after the entry of final judgment, and the trial judge shall note thereon the date it was tendered to him and the date he signed it.

Counsel for plaintiff argues that the trial judge's certification that the transcript was tendered to him and signed by him within 70 days after final judgment is in compliance with Rule 5:1, § 3(e) and (f). We do not agree with his contention.

Under the express language of Rule 5:1, § 3(f), the trial judge is required to note on the transcript of the evidence and other incidents of trial the date on which it was tendered to him as well as the date he signed it. The trial judge's certificate shows that he signed it on August 30, 1962, but nowhere does it affirmatively appear that it was tendered on a day which was within 60 days after final judgment. The certificate merely reads that the transcript was tendered and signed by him within 70 days after final judgment. Moreover, plaintiff's notice to opposing counsel stated that the transcript would be tendered to the trial judge for certification on August 28, 1962, which was the 64th day after the final judgment. Indeed, the record shows, and counsel conceded before us, that the transcript was not even tendered on that day, but was tendered two days later, on the 66th day after final judgment. Hence, it clearly appears that the plaintiff, who had the burden of showing that he complied with the Rules of Court did not tender the transcript within 60 days after final judgment, pursuant to the requirements of Rule 5:1, § 3(e) or (f).

We have repeatedly held that Rule 5:1, § 3(e) and (f), is mandatory and jurisdictional and a failure to comply with it is fatal to an appeal. *Snead* v. *Commonwealth*, 200 Va. 850, 853, 108 S. E. 2d 399, 402; *Bacigalupo* v. *Fleming*, 199 Va. 827, 835, 102 S. E. 2d 321, 326; *Steingold* v. *Seaton*, 187 Va. 923, 931, 48 S. E. 2d 225, 228.

Here the plaintiff has flagrantly violated the mandatory requirements of Rule 5:1, § 3(e) and (f), in that the transcript of the oral testimony and other incidents of trial was not tendered to the court below within 60 days after final judgment. Such lack of compliance with the Rule is fatal to the jurisdiction of this Court.

Accordingly, the motion to dismiss the writ of error is sustained, the effect of which is to affirm the judgment of the court below.

*Writ dismissed.*