# Richmond

ROBERT ERNEST HYMAN v. COMMONWEALTH OF VIRGINIA.

March 7 1966.

Record No. 6139.

Present. All the Justices.

*William E. Anderson,* for the plaintiff in error.

*W. P. Bagwell, Jr., Assistant Attorney General and Robert Y. Button, Attorney General,* for the Commonwealth.

Case submitted on briefs.

I'ANSON, J., delivered the opinion to the court.

The defendant, Robert Ernest Hyman, was sentenced to five years in the State penitentiary following his conviction by a jury as an accessory before the fact on an indictment charging him with the offense of statutory burglary, pursuant to § 18.1-89 of the Code of 1950, 1960 Repl. Vol., as amended, and he is here on a writ of error.

Defendant contends that (1) the evidence was not sufficient to support his conviction; (2) certain evidence was improperly admitted; and (3) he, having been indicted on a charge of statutory burglary, could not be convicted as an accessory before the fact.

The record in this case is silent as to the facts. When evidence introduced in the lower court is not made a part of the record on appeal, all questions of fact resolved by that court are presumed to be correct and must be accepted by us as conclusive. *Smyth* v. *Midgett*, 199 Va. 727, 729, 101 S. E. 2d 575, 578. See also *Harris* v. *Woodby, Inc.*, 203 Va. 946, 947, 128 S. E. 2d 278, 279.

Since the evidence introduced in the court below is not in the record before us, we cannot determine if it was insufficient to support the conviction or whether evidence complained of was improperly admitted. Thus we must affirm the holding of the trial court that the evidence was sufficient to support the conviction and that the evidence complained of was properly admitted.

Defendant next says that he could not be convicted as an accessory before the fact on an indictment charging statutory burglary, and thus the court erred in instructing the jury on what constitutes an accessory before the fact. He does not contend that the instruction was an incorrect statement of the law.

The indictment charges that the defendant, on the 18th day of May 1964, within one mile of the corporate limits of the City of Danville, in the nighttime of that day, feloniously did break and enter the storehouse of J. W. Wyatt & Company, Inc., with intent to steal the goods, chattels, moneys and property of J. W. Wyatt & Company, Inc., and that he then and there feloniously did steal, take and carry away cigarettes of the value of $5,000.

Defendant's argument that one charged with statutory burglary cannot be convicted of being an accessory before the fact, for such is a different crime from the one charged in the indictment and carries a different punishment, is without merit.

Code § 18.1-11, as amended, provides as follows:

"In the case of every felony, every principal in the second degree and every accessory before the fact may be indicted, tried, convicted and punished in all respects as if a principal in the first degree, and every accessory after the fact shall be confined in jail not more than one year and fined not exceeding $1,000."

The language of the statute is perfectly plain. An accessory before the fact may be indicted, tried, convicted and punished in all

respects as if he were a principal in the first degree. The same principle is also applicable under the statute to a principal in the second degree. See *Snyder* v. *Commonwealth*, 202 Va. 1009, 1015, 121 S. E. 2d 452, 457; *Tasker* v. *Commonwealth*, 202 Va. 1019, 1029, 121 S. E. 2d 459, 464; *Ward* v. *Commonwealth*, 205 Va. 564, 568, 138 S. E. 2d 293, 296.

For the reasons stated, the judgment appealed from is

*Affirmed.*