## Richmond

MYRTLE LORENE CRUM v. WILLIAM BRYANT UDY.

March 7, 1966.

Record No. 6065.

Present, All the Justices.

*Wayne G. Johnson* (*Robert E. Manuel; Johnson & Manuel*, on brief), for the plaintiff in error.

*Douglas A. Clark*, for the defendant in error.

Per curiam.

The plaintiff, Myrtle Lorene Crum, filed in the court below on December 19, 1963, a motion for judgment against William Bryant Udy, defendant, for damages for injuries alleged to have been suffered by her on November 18, 1961, when an automobile in which she was a passenger was struck by an automobile being negligently operated by the defendant. Plaintiff also filed an affidavit by her counsel alleging that the defendant was a resident of Virginia at the time of the accident, but had been continuously outside of the State for at least sixty days next preceding the institution of this suit.

Grounds of defense were filed by Allstate Insurance Company, plaintiff's insurance carrier (Code § 38.1-381, 1964 Cum. Supp.), for

defendant and for itself, alleging that the plaintiff's action was barred by the statute of limitations.

Allstate Insurance Company, on June 5, 1964, filed a motion for summary judgment on the ground that more than two years from the time of the accident had elapsed before the suit was brought (Code § 8-24).

On June 19, 1964, the court heard evidence on the issues joined, and all matters of law and fact were submitted to the court for determination.

Thereafter, on July 17, 1964, the court entered its final order sustaining the plea of the statute of limitations and entering judgment for the defendant. We granted plaintiff a writ of error.

The defendant has moved to dismiss the writ of error because the plaintiff failed to comply with Rule 5:1, §§ 3 (e) and 3 (f), relating to the contents of the record on appeal. That Rule requires that the oral testimony and other incidents of the trial, after becoming a part of the record as therein provided, shall be presented to the judge within sixty days and signed by him within seventy days after final judgment. The requirements of the Rule are mandatory and jurisdictional, and failure to comply therewith is fatal to an appeal. *Dudley* v. *Florence Drug Corporation*, 204 Va. 533, 132 S.E. 2d 465, and cases there cited.

On September 25, 1964, seventy days after the final judgment, there was presented to the trial judge a letter as containing a statement of the proceedings, as to which the judge certified only that it was an accurate copy of the court's opinion and that due notice was given of its presentation.

Without regard to the question of whether this instrument would otherwise meet the requirements of Rule 5:1, it was not presented to the judge within sixty days after final judgment and is not a part of the record. There is, therefore, no record before us of the evidence presented to the trial court, and the judgment is presumed to be right and founded on sufficient evidence. 1 Mich. Jur., Appeal and Error, § 258, p. 675.

Defendant's motion is accordingly sustained and the writ of error is dismissed, the effect of which is that the judgment of the trial court stands affirmed.

*Writ dismissed.*