# Richmond

JOSEPH F. FEARON V. COMMONWEALTH OF VIRGINIA.

October 12, 1970.

Record No. 7323.

Present, All the Justices.

*Joseph L. Duvall* (*Duvall, Seagears & Thompson,* on brief), for plaintiff in error.

*William P. Bagwell, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Joseph F. Fearon, defendant, was convicted by a jury of uttering a forged instrument and was sentenced in accordance with the jury's verdict to three years in the State penitentiary. In his petition for a writ of error and supersedeas, which we awarded, defendant contended that the trial court erred in denying his several motions for a mistrial on the grounds that the argument of the attorney for the Commonwealth was improper and prejudicial.

The Commonwealth has moved to dismiss the writ of error

and supersedeas as having been improvidently awarded for failure of the defendant to comply with Rule 5:1, § 3(e) or (f), relating to the contents of the record on appeal. That Rule provides that the transcript or narrative statement of testimony and other incidents of the trial must be tendered to the judge within 60 days and signed by him within 70 days after final judgment. The requirements of the Rule are mandatory, and failure to comply therewith is fatal to an appeal. *Snead* v. *Commonwealth*, 200 Va. 850, 853, 108 S. E. 2d 399, 402 (1959); *Crum* v. *Udy*, 206 Va. 880, 881, 146 S.E. 2d 878, 879 (1966).

■ The final judgment in the case at bar was entered on February 19, 1969. The transcript of the testimony and other incidents of the trial found in the original papers is in two volumes. Neither volume is signed by the judge, nor is there any notation showing that the transcript was ever tendered to him. Since the transcript was not tendered to the judge within 60 days after final judgment and signed by him within 70 days after final judgment, there is no proper record before us from which we can determine whether the argument of the attorney for the Commonwealth was improper and prejudicial. The rulings of the trial court on defendant's several motions for a mistrial are presumed to be correct. *Hyman* v. *Commonwealth*, 206 Va. 891, 892, 147 S.E. 2d 156, 157 (1966).

The motion of the Commonwealth is therefore sustained and the writ of error and supersedeas is dismissed, the effect of which is to affirm the judgment of the trial court. *Hyman* v. *Commonwealth*, *supra*, 206 Va. at 892, 147 S.E.2d at 157; *Dudley* v. *Drug Corporation*, 204 Va. 533, 535, 132 S.E.2d 465, 467 (1963).

*Writ dismissed.*