COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

JEFFREY K. MacNELLY

v.        Record No. 1985-94-4        MEMORANDUM OPINION[*]
                                      BY JUDGE JOSEPH E. BAKER
MARTHA S. MacNELLY                    JUNE 6, 1995

          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Michael P. McWeeny, Judge

          Charles A. Trainum, Jr. (Trainum, Snowdon & Deane,
     P.C., on briefs), for appellant.

          Gregory L. Murphy (David C. Schroeder; Murphy,
          McGettigan, Richards & West, P.C., on brief), for
     appellee.


     Jeffrey K. MacNelly (husband) appeals from a decree entered

by the Circuit Court of Fairfax County (trial court).  The

primary issue presented is whether he is entitled to offset

spousal support payments made to Martha S. MacNelly (wife), after

her remarriage, against other debts he owes wife pursuant to a

Property, Custody and Support Settlement Agreement (PSA) approved

and incorporated into a decree of divorce that dissolved their

marriage.  Other issues raised by both husband and wife relate to

their respective claims concerning attorney fees.

     On appeal, the judgment of the trial court is presumed

correct.  Steinberg v. Steinberg, 11 Va. App. 323, 326, 398

S.E.2d 507, 508 (1990); Crum v. Udy, 206 Va. 880, 881, 146 S.E.2d

_____
        [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

878, 879 (1966).  We are not fact finders, and this appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.  Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).  Here, the burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which that party is entitled.  Kaufman v. Kaufman, 7 Va. App. 488, 489, 375 S.E.2d 374, 380 (1988); see also Crum, 206 Va. at 881, 146 S.E.2d at 879.

## FEES

Matters of attorney fees are submitted to the sound discretion of the trial court and are reviewable on appeal only for an abuse of discretion.  Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976); Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989); Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  We have examined the record in this case, reviewed both briefs and authorities cited and conclude that neither party has met his or her burden to prove abuse of trial court discretion relating to the award or denial of requests for attorney fees.

## OFFSET

On appeal, we consider the evidence in the light most favorable to the prevailing party below, and the trial court's determination will not be disturbed unless plainly wrong or without evidence to support it.  Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992); Clark v. Clark, 209 Va. 390, 395,

164 S.E.2d 685, 689 (1968).

     As the parties are familiar with the record, we state
briefly only those facts necessary to an understanding of this
opinion.  The final decree of divorce, entered on March 20, 1990,
incorporated the terms of the PSA.  In relevant part, that decree
required husband to pay wife (1) $7,000 per month spousal support
until February 1, 1996, (2) $100,000 as her equitable share of
the marital assets, and (3) at least $400,000 by September 30,
1996 for her interest in the syndication and licensing rights in
the comic strip "Shoe."

     Following wife's December 5, 1991 remarriage, husband, on
January 29, 1992, ceased making the monthly spousal support
payments ordered by the divorce decree.  After a hearing on May
21, 1992, the trial court held that the PSA and divorce decree
required continuation of support payments after wife's
remarriage.  When the trial court made that finding, the
following colloquy occurred:

          [HUSBAND'S COUNSEL]:  Your Honor, we're
          likely going to appeal this.

          THE COURT:  Of course.

          [HUSBAND'S COUNSEL]:  And I'd like to make
          some arrangements that -- my client is
          fearful that if he pays the arrearage, that
          is continues to pay her when there is an
          appeal, he'll never see the money again if
          he's successful -- to have some bond set or
          something to take care of that.

          [WIFE'S COUNSEL]:  If I may address that,
          your Honor?

THE COURT: Yes, sir.

[WIFE'S COUNSEL]: As Your Honor will recognize, there is a large sum that [husband] owes her marital property rights in 1996. The amount of money he has to pay [in support payments] between now and then does not come close to the amount that he's going to have to pay in 1996. So, I can't understand him having that fear since he would obviously seek an offset at that point in time.

THE COURT: Well, let me see. It does come close. Unless I've missed something, if [the spousal support] is paid out we're talking about $336,000 and --

[WIFE'S COUNSEL]: It's a minimum of $400,000.

THE COURT: It's a $400,000 minimum.

[WIFE'S COUNSEL]: And he already owes another $150,000. So that brings it to $550,000 at this point. So he has a way to offset it if it ever should occur. That's my point.

THE COURT: I think it is protected. I'm not going to require a specific bond in this matter. I will also not require an appeal bond on your behalf, sir.

Husband appealed to this Court alleging that it was error to require him to make spousal support payments to wife after she had remarried; however, he continued to make the payments pending that appeal. On November 30, 1993, in MacNelly v. MacNelly, 17 Va. App. 427, 437 S.E.2d 582 (1993), a panel of this Court reversed the trial court, holding that husband was not obligated to make the monthly spousal support payments after wife's remarriage.

On January 5, 1994, wife filed a show cause petition in the trial court seeking an order requiring husband to pay the $100,000 equitable distribution award required by the PSA, which by February 4, 1994, with accrued interest, had increased in value to $182,880.77. Husband responded to the show cause order by asserting that the spousal support payments in the amount of $171,000, paid by him during the pendency of the appeal, should be offset against the $100,000 debt as if each payment was a payment on that debt. The trial court held that husband was not entitled to credit the spousal support payments made pending his successful appeal against the $100,000 debt owed to wife.

Citing <u>Reid v. Reid</u>, 245 Va. 409, 429 S.E.2d 208 (1993), wife contends that the trial court lacks authority to require her to make restitution by offset of the spousal support payments that had been ordered by the trial court. Husband contends that <u>Reid</u> is not controlling here, asserting that this case involves the enforcement of a support obligation made by private contract. The trial court rejected that contention. The record discloses that the PSA was incorporated into the divorce decree, thus the issue arises from the decree, not just the contract.

Husband further contends that the colloquy quoted above, in which the trial court opined, "I think it is protected," contained an agreement that if husband prevailed on appeal he could offset the spousal support payments made pending the appeal. The trial court did not agree and refused to find that

the statements made bound wife to an offset.

Finally, husband urges this Court to hold that equity requires, under the circumstances of this case, that he be permitted to offset the spousal support payments made after his successful November 30, 1993 appeal.

Reasonable persons may disagree as to whether the colloquy contained language establishing a binding agreement.  Thus, the question was a matter for the trial court to determine.  We cannot say that its decision concerning that issue was plainly wrong or without evidence to support it.

The trial court based its decision upon Reid, where the issue before the Supreme Court was stated as follows:

> In this appeal we consider whether a trial court may order restitution from a spouse who received spousal support payments pursuant to a court order when that order subsequently was reversed on appeal.

Id.  Speaking for the Court, Justice Lacy recognized the established rule that divorce is strictly a creature of statute. She then thoroughly examined the statutes controlling divorce suits as they relate to restitution.  In the opinion, restitution was defined as "the recovery of money already paid."  Noting that "there are significant differences between a spousal support order and an ordinary money judgment order," Justice Lacy stated that "[a spousal support order] is based on need [while a money judgment order is predicated] on entitlement."  Id. at 413, 429 S.E.2d at 210.  The extent of a divorce court's present authority

- 6 -

to deal with offsets, which in this case is effectively a request for restitution, may be found in the following:

> Once the amount of spousal support is determined, the statutes and case law specifically limit the divorce court's authority to retroactively modify that amount, absent fraud on the court, a claim absent here. Code § 20-109 provides that the divorce court may modify or terminate spousal support that "may thereafter accrue," but makes no provision for modifying an award for support previously accrued. As noted supra, retroactive modification is specifically addressed in Code § 20-112: "No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party."

(Emphasis added.) Id. at 414, 429 S.E.2d at 211. The Reid Court then concluded, "that the General Assembly has not made statutory provisions for restitution of spousal support paid pursuant to an order that is later reversed" and held that the trial court "did [not] have statutory or inherent power to order restitution." Id. at 415, 429 S.E.2d at 211.

Although matters relating to divorce are currently within the jurisdiction of circuit courts, and are heard on the equity side, in the absence of a statutory grant circuit courts are not authorized to make general equitable judgments as may be rendered in non-divorce cases.

In accord with Reid,[1] we hold that under the facts of this

---

[1]Appellant also relies upon Hughes v. Hughes, 173 Va. 293, 4 S.E.2d 402 (1939), to distinguish the awarding of credit from an order of restitution. We distinguish Reid from Hughes insofar

- 7 -

case, the trial court was without statutory or inherent authority to find that the spousal support payments made by husband after wife's remarriage were payments being made on a fixed debt due wife or that husband was entitled to restitution by way of offset.

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>

---

that <u>Hughes</u> involved <u>voluntary</u> alimony while <u>Reid</u> involved spousal support <u>ordered</u> by the trial court.