Present:  Kinser, C.J., Lemons, Goodwyn, and Millette, JJ., and
Lacy and Koontz, S.JJ.[*]

DAVID SMITH

v.  Record No. 101357          OPINION BY SENIOR JUSTICE
                                   ELIZABETH B. LACY
COMMONWEALTH OF VIRGINIA           MARCH 4, 2011

FROM THE COURT OF APPEALS OF VIRGINIA

In this case we consider whether dismissal is the proper
disposition of an appeal in which a transcript necessary for
resolution of the issue raised on appeal was not timely filed.

BACKGROUND

On October 4, 2007, David Smith was indicted by the Grand
Jury in the Circuit Court of the City of Portsmouth for one
count of abduction with intent to defile, Code §§ 18.2-48 and
18.2-10, three counts of forcible sodomy, Code § 18.2-67.1, four
counts of use of a firearm in the commission of a felony, Code
§ 18.2-53.1, and one count of conspiracy, Code §§ 18.2-22 and
18.2-10.  Following a hearing, the trial court denied Smith's
motion to suppress certain evidence.  Smith then entered into a
conditional plea agreement in which he pled guilty to one count
of simple abduction, Code § 18.2-47(A), and one count of
forcible sodomy, Code § 18.2-67.1, reserving the right to appeal
the trial court's denial of his suppression motion.  The trial

---

[*] Justice Koontz presided and participated in the hearing
and decision of this case prior to the effective date of his
retirement on February 1, 2011; Justice Kinser was sworn in as
Chief Justice on February 1, 2011.

court accepted the plea agreement, sentenced Smith to concurrent terms of five years' imprisonment for each offense with one year and four months suspended from each sentence and upon the Commonwealth's motion, entered an order of nolle prosequi for the remaining indictments.

Smith filed a timely appeal to the Court of Appeals assigning error to the trial court's denial of his motion to suppress. However, the transcript of the suppression hearing was not filed in the circuit court until eight days beyond the time prescribed by Rule 5A:8. The Court of Appeals notified Smith's counsel that the transcript of the suppression hearing was not timely filed. In response, Smith filed a motion to dismiss his appeal for failure to file a necessary and indispensable transcript arguing that the failure to file the transcript was a jurisdictional defect requiring dismissal.[1] Following oral arguments, a majority of a panel of the Court of Appeals denied Smith's motion to dismiss, determined that Smith waived the issue he presented on appeal because he failed to

---

[1] Smith also asserted that a disposition other than dismissal would have the collateral effect of denying him his statutory remedy for obtaining a belated appeal under Code § 19.2-321.1 because that remedy is based on the "dismissal" of an appeal for failure to comply with certain procedural requirements. The interpretation of Code § 19.2-321.1 was not at issue in the Court of Appeals nor is it at issue here; however, we note that the disposition of this case does not impact Smith's ability to pursue a belated appeal through the habeas corpus process.

timely file a transcript which was indispensable to the resolution of that issue, and, consequently, affirmed Smith's convictions. Smith v. Commonwealth, 56 Va. App. 351, 363, 693 S.E.2d 765, 771 (2010). Smith appealed, asserting that the Court of Appeals erred in affirming his convictions rather than dismissing his appeal.

DISCUSSION

Smith argues that dismissing the appeal is the correct disposition in this case because the lack of an indispensable transcript prevented the appellate court from acting on the appeal and therefore the court was without jurisdiction to consider the appeal. If a court does not have jurisdiction over an appeal, Smith asserts, the appeal must be dismissed. Smith also argues that dismissal of his appeal for failure to file an indispensable transcript is consistent with precedent of this Court and the Court of Appeals. See e.g., Dudley v. Florence Drug Co., 204 Va. 533, 535, 132 S.E.2d 465, 467 (1963); Smith v. Commonwealth, 32 Va. App. 766, 772, 531 S.E.2d 11, 14-15 (2000). We agree with Smith that if an appellate court does not have jurisdiction over an appeal, the appeal must be dismissed. However, we disagree with Smith both as to his characterization of the jurisdiction of an appellate court and his reliance on prior cases of this Court and the Court of Appeals as binding authority for the issue presented in this appeal.

3

The term jurisdiction is "a word of many, too many, meanings." Ghameshlouy v. Commonwealth, 279 Va. 379, 388, 689 S.E.2d 698, 702 (2010) (internal quotation marks and citations omitted). While the term often is used to refer generally to a court's authority and ability to exercise control over a case, there are different types of jurisdiction encompassing separate and distinct legal concepts. Subject matter jurisdiction is the authority vested in a court by constitution or statute to adjudicate certain categories of disputes. Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990). Without this type of jurisdiction a court's action is a nullity and is subject to challenge at any time. Id. at 170, 387 S.E.2d at 755-56.

Subject matter jurisdiction standing alone is, however, only the "potential" jurisdiction of a court over the subject matter. The court acquires the "active" jurisdiction to adjudicate a matter only when certain additional elements are present. Ghameshlouy, 279 Va. at 388-89, 689 S.E.2d at 702-03. Some of the other elements governing the ability of a court to exercise its subject matter jurisdiction in a particular case are contained in the Rules of the Supreme Court of Virginia prescribed and adopted by this Court pursuant to Code § 8.01-3. In Ghameshlouy, we identified compliance with the appellate rule requiring the timely filing of a notice of appeal, Rule 5A:6, as an element which must be present to transform an appellate

4

court's potential jurisdiction to proceed to judgment into active jurisdiction to do so. Id. at 390-91, 689 S.E.2d at 703-04. This rule demands mandatory compliance and is "a prerequisite to an appellate court's obtaining and exercising jurisdiction over a case." Id. at 391, 689 S.E.2d at 704. Similarly, noncompliance with the rule involving the timely filing of a petition for appeal and including assignments of error in that petition deprive the appellate court of active jurisdiction over the appeal. Rule 5:17. Not all procedural rules, however, are treated as mandatory or jurisdictional, carrying a consequence of dismissal for noncompliance. Jay v. Commonwealth, 275 Va. 510, 659 S.E.2d 311 (2008), involved the dismissal of an appeal by the Court of Appeals for noncompliance with the rule requiring presentation of arguments on brief, Rule 5A:20(e). We reversed the Court of Appeals' decision, holding that, by dismissing the appeal rather than denying it, the Court of Appeals erroneously rendered the rule jurisdictional. Id. at 517, 659 S.E.2d at 315. Noncompliance with that rule may have prevented the Court of Appeals from resolving the issue due to waiver, but it did not defeat the active jurisdiction of the Court of Appeals to proceed to judgment in the appeal.

In our view, the timely filing requirement of Rule 5A:8, like the rule at issue in Jay, is not a mandatory procedural rule that is necessary to enable the potential jurisdiction of

5

the appellate court to become active jurisdiction and proceed to a valid decree or disposition. The content and application of Rule 5A:8 demonstrates that there is no requirement that a transcript be filed in every appeal. The plain language of the rule does not require the filing of a transcript in order to proceed with an appeal. Not only does the rule allow the filing of a statement of facts in place of a transcript, cases may often be decided without the filing of a transcript. Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 32, 645 S.E.2d 261, 264 (2007); City of Richmond v. Randall, 215 Va. 506, 508, 211 S.E.2d 56, 58 (1975); Smyth v. Midgett, 199 Va. 727, 729, 101 S.E.2d 575, 577-78 (1958). Elements required to ripen the appellate court's potential jurisdiction into active jurisdiction are elements that must be applicable in every appeal; they cannot be selectively applied depending on the issues presented in the appeal.

Furthermore, many cases contain issues that are not resolved on the merits in the appeal because of noncompliance with the appellate rules, including the rule relating to the filing of transcripts. Examples include the failure to present argument on an assigned error, the failure to proffer certain excluded testimony that is the subject of an appeal, or the failure to include a rejected jury instruction. In these circumstances, we consider the issue waived and resolve the case

6

on the basis of those issues properly presented to us.  See
e.g., Andrews v. Commonwealth, 280 Va. 231, 252, 699 S.E.2d 237,
249 (2010); Commonwealth Transp. Comm'r v. Target Corp., 274 Va.
341, 348, 650 S.E.2d 92, 96 (2007); Wyche v. Commonwealth, 218
Va. 839, 842, 241 S.E.2d 772, 774 (1978); Paddock v. Mason, 187
Va. 809, 812, 48 S.E.2d 199, 200 (1948).  We do not treat the
absence of these elements as defeating our ability to exercise
active jurisdiction over the appeal, even though they may
preclude us from resolving the issue.  Indeed, included within
appellate review of a case is consideration of whether an issue
is defaulted or waived on appeal.

Finally, Smith's argument that his appeal should be
dismissed because in prior cases the Court of Appeals and this
Court have dismissed appeals for failure to timely file an
indispensable transcript is unpersuasive.  There is no question
that there are cases from this Court and the Court of Appeals
that have referred to or directed the dismissal of an appeal
because a necessary transcript was not properly before the
court.  See e.g., Towler v. Commonwealth, 216 Va. 533, 535, 221
S.E.2d 119, 121 (1976); Fearon v. Commonwealth, 211 Va. 256, 257
176 S.E.2d 921, 922 (1970); Crum v. Udy, 206 Va. 880, 881, 146
S.E.2d 878, 879 (1966); Dudley, 204 Va. at 535, 132 S.E.2d at
467; Smith, 32 Va. App. at 772, 531 S.E.2d at 14-15; Williams v.
Commonwealth, 7 Va. App. 516, 519, 375 S.E.2d 364, 366 (1988);

7

<u>Barrett v. Barrett</u>, 1 Va. App. 378, 380, 339 S.E.2d 208, 209-10 (1986).  However, these cases do not have precedential value or application in this case because the proper disposition of an appeal under the circumstances presented here was not an issue in any case Smith cites.  Furthermore, in other cases, the failure to file an indispensable transcript resulted in waiver of the issue associated with the transcript.  <u>See</u> <u>e.g.</u>, <u>Lloyd v. Kime</u>, 275 Va. 98, 107-08 & n.*, 654 S.E.2d 563, 568-69 & n.* (2008); <u>Woodfin v. Commonwealth</u>, 236 Va. 89, 97-98, 372 S.E.2d 377, 382 (1988); <u>Lawrence v. Nelson</u>, 200 Va. 597, 599, 106 S.E.2d 618, 620 (1959); <u>Shiembob v. Shiembob</u>, 55 Va. App. 234, 246, 685 S.E.2d 192, 198-99 (2009).

In summary, the failure to timely file the transcript in this case did not deprive the Court of Appeals of its active jurisdiction to proceed to judgment in the appeal and there is no error in the Court of Appeals' judgment affirming Smith's convictions.  Smith waived his challenge to the trial court's denial of his motion to suppress certain evidence because he failed to timely file a transcript necessary to resolve the issue.  Accordingly, we will affirm the judgment of the Court of Appeals.

<u>Affirmed</u>.