COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Petty and Huff
Argued at Salem, Virginia


KAREN A. BREEDEN

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1060-11-3                       JUDGE WILLIAM G. PETTY
                                                        DECEMBER 13, 2011
PRESTON L. BREEDEN


            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                            James V. Lane, Judge

        Michael J. Melkersen (Law Offices of Michael J. Melkersen, on
        briefs), for appellant.

        Shelly R. James (Laura A. Thornton; Laura A. Evans; Law Office of
        Shelly R. James, PLLC; Laura A. Thornton, PLC, on brief), for
        appellee.


        Appellant ("wife") appeals from the trial court's order divorcing her from appellee

("husband") and incorporating a property settlement agreement between the parties into the

order.  Wife raises three assignments of error.  First, wife argues that the trial court erred by

failing to award her damages and attorney's fees for husband's alleged breach of the settlement

agreement.  Second, wife argues that the trial court erred by failing to rescind the settlement

agreement due to husband's alleged breach of the agreement.  Finally, wife argues that the trial

court erred by failing to reform the settlement agreement or to otherwise equitably distribute the

marital property and distinguish between separate property, marital property, and hybrid property

in order to equitably distribute that property.  Because wife has failed to provide us with

transcripts or an agreed upon statement of facts detailing the incidents of trial, we affirm.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"The trial court's judgment is presumed to be correct, and 'the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred.'" Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)). As part of that burden, our rules require an appellant "to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of [the issues raised on appeal]." Rule 5A:8(b)(4)(ii). If the appellant fails to do this, "any assignments of error affected by such omission shall not be considered."[1] Id.

Here, the state of the record leaves us unable to determine the precise evidence and argument before the trial court, as well as the full factual and legal conclusions arrived at by the court. Wife's first and second assignments of error turn on whether husband breached the settlement agreement, but wife has failed to provide transcripts or an agreed upon statement of facts to support that breach. Wife's third assignment of error challenges the distribution of the marital property, and relatedly, the classification of property as separate, marital, or hybrid, but wife has not provided transcripts or an agreed upon statement of facts identifying the property in dispute and the other evidence relevant to that determination. Without either of these items, we cannot determine what evidence the trial court actually admitted and considered. Moreover, we cannot determine what arguments were raised to the trial court in the *ore tenus* hearing or even if such an *ore tenus* hearing occurred. Wife suggests that we ought to rely on factual assertions made in a memorandum of law that included attached "exhibits" and an affidavit signed by wife averring that the factual allegations in the memorandum of law were true. While these documents were received by the Clerk of Court for Rockingham County, neither contains any

---

[1] A written statement of facts may also contain "other incidents of the case." Rule 5A:8(c). These include "motions, proffers, objections, and rulings of the trial court regarding any issue that a party intends to assign as error or otherwise address on appeal." Id.

indication that it was admitted into evidence. Without transcripts or an agreed upon statement of facts, we cannot determine if the trial court received these documents into evidence or otherwise considered and accepted as true the factual allegations they set out.

We conclude that without a transcript or written statement of facts, we cannot evaluate the merits of wife's assignments of error. Accordingly, she has waived her arguments on appeal.[2] See Rule 5A:8(b)(4)(ii); Smith v. Commonwealth, 281 Va. 464, 470, 706 S.E.2d 889, 893 (2011) (holding that non-compliance with Rule 5A:8 results in the waiver of an assignment of error that cannot be resolved without the missing transcripts or statement of facts). Therefore, we affirm the judgment of the trial court. See Smith, 281 Va. at 470, 706 S.E.2d at 893.

Affirmed.

---

[2] In her brief to this Court, wife also argues that the trial court should have held an evidentiary hearing in the matter before it. However, this argument suffers from two problems. First, because wife did not provide us with a transcript or a statement of facts, we cannot determine whether the trial court held an evidentiary hearing. Second, she has not assigned error to this alleged deficiency. See Rule 5A:20(c) (requiring the appellant to raise any issue he has with a trial court's decision as an "assignment of error"); Mecimore v. Alexandria Dep't of Soc. Servs., 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (holding that we do not address issues that are not encompassed by an assignment of error).