COURT OF APPEALS OF VIRGINIA


Present:  Judges Petty, Beales and Huff
Argued at Richmond, Virginia


HAROLD TURNBULL, S/K/A
 HAROLD C. TURNBULL
                                                    MEMORANDUM OPINION* BY
v.      Record No. 0532-11-2                   JUDGE WILLIAM G. PETTY
                                                    JANUARY 31, 2012
COUNTY OF SPOTSYLVANIA


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                        J. Howe Brown, Jr., Judge Designate

            Ronald Hur, Assistant Public Defender II (Office of the Public
            Defender, on brief), for appellant.

            James R. Benkahla, Deputy County Attorney (Office of the County
            Attorney, on brief), for appellee.


        Harold Turnbull was convicted in the General District Court of Spotsylvania County of

two violations of Spotsylvania County Code § 12-2 and fined $10 and $250 for each violation,

respectively.[1]  He failed to pay these fines and related court costs.  Upon the motion of the

county attorney, the court issued a capias pursuant to Code § 19.2-358.  Under Code § 19.2-358,

Turnbull was required to appear and "show cause why he should not be confined in jail or fined

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] These prosecutions were originally initiated by the issuance of two criminal show cause
summonses by the clerk of the general district court.  These summonses alleged a violation of
Code § 18.2-456 (contempt of court) and recited that the defendant was to "show cause why
fines and cost have not been paid" for cases GC09-30535-00 and GC08022771-00.  For reasons
not entirely clear from the record, these contempt proceedings were initiated as two new cases
rather than a continuation of the cases referenced in the show cause summonses.  As a result, the
records of the underlying convictions for which the fines and costs had not been paid are not
contained in the record before us.  Additionally, the County did not introduce copies of the
original orders of conviction into evidence.

for nonpayment." The court apparently imposed a punishment set forth in Code § 19.2-358, and Turnbull appealed the decision to the Circuit Court of Spotsylvania County. In a *de novo* trial, Turnbull moved the court to dismiss the case on the basis that Code § 19.2-358 applies only to crimes, not infractions. The circuit court denied his motion to dismiss, ordered him to pay the fines and court costs, and sentenced him to ten days in jail.

Turnbull now appeals from this decision. He argues that the trial court erred in using Code § 19.2-358 to impose a punishment upon him for failing to pay his fines because the word "fine" in Code § 19.2-358 only encompasses a fine for a crime. Turnbull alleges that the unpaid fines were imposed for convictions of infractions, not criminal offenses; therefore, he reasons, the circuit court could not punish him under Code § 19.2-358 for his failure to pay those fines. However, because Turnbull has failed to provide us with a record that sufficiently establishes that he was convicted of traffic infractions and not crimes, we affirm.

Code § 19.2-358(A) provides that "[w]hen an individual obligated to pay a fine, costs, forfeiture, restitution or penalty defaults in the payment . . . the court may require him to show cause why he should not be confined in jail or fined for nonpayment." However, as Turnbull points out, Code § 19.2-339 defines "fines" in the following way:

> Whenever the word "*fine*" is used in this chapter, it shall be construed to refer solely to the pecuniary penalty imposed by a court or jury upon a defendant who has been found guilty of a *crime*. The word "fine" shall not include other forfeitures, penalties, costs, amercements or the like, even though they follow as a consequence of conviction of crime.

(Second emphasis added). Thus, according to Turnbull, we should reverse the circuit court if the underlying convictions were for traffic infractions rather than crimes.[2]

---

[2] We do not opine on the merits of this argument.

"[T]he trial court's judgment is presumed to be correct, and 'the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred.'" Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)). As part of that burden, our Rules require an appellant "to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of [the issues raised on appeal]." Rule 5A:8(b)(4)(ii). If the appellant fails to do this, "any assignments of error affected by such omission shall not be considered." Id.

Here, Turnbull's argument hinges upon whether the original fines were imposed for convictions of traffic infractions or crimes. However, the record before us does not provide us with the necessary information to address that question. The record does not contain a copy of either summons for the underlying convictions, nor does the statement of facts state the specific infractions or crimes that Turnbull committed. Instead, the statement of facts establishes only that Turnbull received two fines for violations of Spotsylvania County Code § 12-2.[3] Spotsylvania County Code § 12-2 generally adopts and incorporates all the misdemeanors and infractions contained in Title 46.2 of the Code of Virginia. Spotsylvania County Code § 12-2. While it is true that Title 46.2 includes traffic infractions, see Code § 46.2-100 (noting that,

_____

[3] Although Turnbull asserts that he was convicted specifically for a violation of Code § 46.2-928, his statement of facts does not actually establish this assertion. The statement of facts merely recites in footnotes that "[t]he summons in this case makes reference to Spotsylvania County Code § 12-2, but also contains reference to Va. Code § 46.2-928. However, the box for a violation of county law section is checked." This language is insufficient to establish that Turnbull was actually convicted of one or more violations of Code § 46.2-928. The fact that a summons contains a "reference" to a code section does not establish the charge for which one was convicted. Moreover, a mere "reference" to one offense in the summons does not exclude the enumeration of other offenses in the summons. Therefore, we can conclude from the statement of facts only that Turnbull was convicted in each instance under the broad proscription set forth in Spotsylvania County Code § 12-2, not the more precise proscription set forth in Code § 46.2-928.

unless stated otherwise, a violation of Title 46.2 is an infraction),[4] it also includes crimes that Turnbull admits are under the purview of Code § 19.2-358, see, e.g., Code § 46.2-868 (setting forth reckless driving as a Class 1 misdemeanor). By establishing only that Turnbull violated Spotsylvania County Code § 12-2, the record does not establish whether Turnbull was convicted of non-criminal traffic infractions or of crimes. Thus, the record does not establish a fact necessary to adjudicate the issue Turnbull raises on appeal.

Accordingly, Turnbull has waived his argument on appeal. See Rule 5A:8(b)(4)(ii); Smith v. Commonwealth, 281 Va. 464, 470, 706 S.E.2d 889, 893 (2011) (holding that non-compliance with Rule 5A:8 results in the waiver of an assignment of error that cannot be resolved without the missing transcripts or statement of facts). Therefore, we affirm the judgment of the trial court. See Smith, 281 Va. at 470, 706 S.E.2d at 893.

Affirmed.

---

[4] An infraction "is neither a felony nor a misdemeanor," Code § 46.2-100, and thus, it is not criminal.