COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Huff and AtLee

JANETT DEPAZ

v.      Record No. 0228-22-4

THE COUNCIL OF CO-OWNERS OF THE
  WESTERLIES CONDOMINIUM ASSOCIATION

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 25, 2022

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Thomas P. Mann, Judge

(Janett Depaz, on briefs), *pro se.*

(Matthew J. Hundley; Stewart R. Pollock; Elias G.
Saboura-Polkovotsy; Moran Reeves & Conn PC; Saboura,
Goldman & Colombo, P.C., on brief), for appellee.

Janett Depaz, *pro se*, appeals from a judgment of the circuit court granting a plea in bar and

dismissing her complaint because the statute of limitations had expired. On appeal, Depaz

challenges the circuit court's determination that her cause of action accrued in 2011.[1] After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

Because Depaz failed to timely file transcripts or a statement of facts, and a transcript or statement

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Depaz also assigns error to the circuit court's failure to "consider the timely submitted non-suit case filed in the General District Court." Her argument in support of this assignment of error, however, "does not address the findings, rulings, or failures to rule on issues in the trial court or other tribunal from which an appeal is taken." Rule 5A:20(c)(2). Instead, she focuses on the general district court's rulings and her explanation for her actions. Because she fails to address the circuit court's rulings, this assignment of error is insufficient, and we do not consider it. *See Jay v. Commonwealth*, 275 Va. 510, 520 (2008) (detailing actions the Court may take when a brief fails to meet the requirements of 5A:20).

of facts is indispensable to resolving Depaz's assignments of error, we affirm the judgment of the circuit court.  Rule 5A:8.

## I. BACKGROUND[2]

Under familiar appellate principles, we defer to the circuit court's factual findings and state the facts in the light most favorable to the Council, the prevailing party below.  *Koons v. Crane*, 72 Va. App. 720, 732 (2021).

Depaz filed a complaint against the Council of Co-Owners of the Westerlies Condominium Association (the "Council") and took a voluntary nonsuit on March 5, 2021.  On October 5, 2021, Depaz filed a second complaint against the Council, alleging that it had failed to maintain "common elements," as required by the condominium instruments, thereby violating the Virginia Condominium Act, Code § 55.1-1915.[3]  The complaint further alleged that the failure to maintain those "common elements" caused water intrusion that damaged her units, referred to in the complaint as Units 1800 and 1806.

On November 1, 2021, the Council filed a plea in bar, alleging that the statute of limitations had expired because the claims raised in Depaz's complaint accrued in 2011.[4]  The Council asserted that "contemporaneous communications between the parties," to which Depaz's complaint referred, demonstrated that water intrusion into Depaz's units began in 2011.  In her brief opposing the plea in bar, Depaz denied that there was water intrusion in 2011 and asserted that there had been none in

---

[2] We deny Depaz's motions to include in the record documents she received in response to subpoenas after the circuit court's order on the plea in bar.  "Where no evidence is taken in support of the plea, the trial court, and the appellate court upon review, must rely solely upon the pleadings in resolving the issue presented."  *Robinson, Tr. for Jane Washburn Robinson Living Tr. v. Nordquist*, 297 Va. 503, 513-14 (2019) (quoting *Tomlin v. McKenzie*, 251 Va. 478, 480 (1996)).

[3] Depaz's complaint alleged a violation of Code § 55-79.53, which was repealed and reenacted as Code § 55.1-1915 in 2019.  2019 Va. Acts ch. 712.

[4] The Council also filed a demurrer, which the circuit court denied on January 7, 2022.

Unit 1800 "prior to 2016" or in Unit 1806 "prior to July 2018." Depaz also argued that even if the circuit court found that water intrusion had occurred in 2011, that finding "would not bar the present claims."

After a hearing on December 10, 2021, the circuit court granted the Council's motion craving oyer as to certain documents referenced in the complaint.[5] The documents thereby incorporated into the complaint included the condominium's master deed, the bylaws dated October 7, 1971, and December 22, 2018, a management agreement between Community Association Management Professionals and the Council, three mold and water damage claims Depaz allegedly submitted to the Association, and a "Inlogix Hygienist report." Among the documents related to the claims Depaz had submitted was a June 16, 2016 email from Depaz in which she referred to work on both Units 1800 and 1806 that had been performed in June 2011. A July 5, 2016 email from Depaz to the Council and Community Association Management Professionals referred to work done regarding water incursion "into my units 1806 and 1800 and the hardship I underwent from June to November 2011."

After a hearing on January 14, 2022, the circuit court found that Depaz's cause of action accrued in 2011. Further, the circuit court found that, even had the cause of action accrued in 2016, Depaz waited too long to refile her complaint after the nonsuit. Accordingly, by order entered January 14, 2022, the circuit court granted the Council's plea in bar and dismissed Depaz's complaint with prejudice. Depaz moved for reconsideration, arguing that she had "found evidence" that the Council "cherry pick[ed] lines from emails" to make it seem as though Depaz's units had experienced water intrusion in 2011. The circuit court denied Depaz's motion for reconsideration. Depaz appeals.

---

[5] Judge Robert J. Smith presided over the hearings on the demurrer and motion craving oyer, while Judge Mann ruled over the plea in bar appealed here.

II. ANALYSIS

On appeal, Depaz argues that the circuit court erred in determining that her cause of action accrued in 2011. She contends that her two units were "distinct" and her cause of action for each unit "accrued separately and at different specific events."[6] Further, she argues, each unit "had different causes of action that started at different intervals" and thus were episodic, rather than continuous, in nature. Depaz also contends that the circuit court erred by "holding that Code § 8.01-246(2), the five-year statute of limitations governing actions on several restitution/reimbursement agreements and actions ex-contractu commencing for [Unit] 1806 in July 2018, barred this contract action in its entirety."

A. *Standard of Review*

An appeal from a circuit court's decision granting a plea in bar of the statute of limitations presents a "question of law that we review de novo." *Robinson, Tr. for Jane Washburn Robinson Living Tr. v. Nordquist*, 297 Va. 503, 513 (2019) (quoting *Van Dam v. Gay*, 280 Va. 457, 460 (2010)).

B. *No Timely-Filed Transcript or Statement of Facts*

"The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

Depaz did not file a transcript, or a written statement of facts in lieu of a transcript, of the January 14, 2022 hearing. The circuit court's January 14, 2022 order granted the plea in bar and

---

[6] On brief, Depaz concedes that "the statute of limitations expired for Unit 1800, because she discovered the water infiltration issue with the backwall of Unit 1800 in 2016."

dismissed Depaz's complaint based upon the circuit court's findings that Depaz's cause of action accrued in 2011 and she did not file her complaint within the five-year limitations period. Without a transcript of the January 14, 2022 hearing, the record does not contain the arguments Depaz presented to the circuit court, the basis upon which the circuit court made its findings, or the reasons given by the circuit court for its ruling.[7] We are therefore unable to determine whether the circuit court erred. Specifically, we cannot determine the basis for the circuit court's findings that Depaz's cause of action accrued in 2011 or whether the circuit court found that the water intrusions were continuous rather than occurring in episodes, as Depaz alleges.

Accordingly, after reviewing the record and the briefs filed on appeal, we conclude that a timely-filed transcript or written statement of facts in lieu of a transcript of the January 14, 2022 hearing is indispensable to resolve Depaz's assignments of error. *See Smith v. Commonwealth*, 281 Va. 464, 469 (2011) (noting cases where "the failure to file an indispensable transcript resulted in waiver of the issue associated with the transcript"). Because Depaz failed to ensure that the record contains the necessary transcript or written statement of facts, we cannot reach her assignments of error.[8] *See* Rule 5A:8(b)(4)(ii).

---

[7] With no record of the arguments Depaz made or the positions she took (or possibly abandoned) at the January 14, 2022 hearing, we cannot know that Depaz presented the specific argument she advances on appeal to the circuit court or whether her appellate argument repudiates a position that she may have taken in the circuit court. *See* Rule 5A:18 (an appellate court will only consider arguments that timely were raised in the trial court); *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions during the course of litigation).

[8] A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." *Townes v. Commonwealth*, 234 Va. 307, 319 (1987); *see also Francis v. Francis*, 30 Va. App. 584, 591 (1999) ("Even *pro se* litigants must comply with the rules of court.").

## III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court is affirmed.

*Affirmed.*