## Richmond

DOUGLAS M. TOWLER v. COMMONWEALTH OF VIRGINIA, GRAYSON COUNTY DEPARTMENT OF SOCIAL SERVICES, ET AL.

January 16, 1976.

Record No. 741165.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*L. Harvey Neff, Jr.*, for plaintiff in error.

*John W. Parsons* (*J. Colin Campbell*, guardian *ad litem*, on brief), for defendants in error.

Per Curiam.

The appellees have moved to dismiss this writ of error because of the appellant's failure properly to make the transcript a part of the record, as required by Rule 5:9, Rules of Court. For the reasons hereinafter assigned, we grant the appellees' motion and dismiss the writ of error.

Under Rule 5:9(a), a transcript becomes a part of the record when the judge of the court below so directs in the final judgment or by order entered before or within 21 days after entry of final judgment and when the transcript is filed in the office of the clerk of the trial court within 60 days after entry of final judgment. Under 5:9(b), a transcript also becomes a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of final judgment and is accompanied by a notice identifying the transcript

and reciting its delivery to the clerk, to which is appended either a certificate that a copy of the notice has been mailed to opposing counsel or an acceptance of service of such notice by opposing counsel.

The present case was heard by the trial court on October 16, 1974. The final judgment order was entered October 30. This order made no mention of the transcript of testimony taken at the hearing. Neither did any earlier order make the transcript a part of the record. On November 26, 1974, an unstyled paper, not endorsed by counsel, was signed by the trial judge stating that the transcript, together with other papers, would "constitute the record" in the case. But because this "order" was not entered within 21 days after entry of final judgment, it was ineffective to make the transcript a part of the record under Rule 5:9(a).

The transcript was filed in the office of the clerk of the trial court on November 26, 1974. It was not accompanied, however, by any notice, certificate of service, or acceptance of service whatsoever. The transcript, therefore, was not made a part of the record under Rule 5:9(b).

The transcript is indispensable to disposition of this writ of error. Accordingly, we must dismiss the writ as improvidently awarded. We take the occasion, however, to reiterate the jurisdictional nature of Rule 5:9 and to reemphasize the necessity of compliance with its mandatory requirements. We do this because we have observed far too many violations of this rule; and we lament the numerous instances in which we have been forced to dismiss appeals because of failure to observe the rule's requirements.

We adopted Rule 5:9, as part of the most recent overall revision of the Rules of Court, to provide a simplified method of making a transcript a part of the record. We have been surprised at the relatively few instances of use of Rule 5:9(a), which permits a transcript to be made a part of the record by order of court, including the final judgment. We would have thought this would have been the method most often employed, given the ease and certainty with which the method should operate.

But if parties choose to employ the alternative method under Rule 5:9(b), they must observe with care the rule's notice requirements. *Notice* identifying the transcript and reciting its delivery to the clerk *must be given by counsel for the appealing party* to opposing counsel. *It does not suffice for such notice to be given by a court reporter* or anyone else save counsel for the appealing party. And there must be

appended to the notice either a certificate that notice has been mailed to opposing counsel or an acceptance of such notice by opposing counsel.

These are simple, easily understood rule provisions. But they are jurisdictional, and failure to comply therewith will result, as in the present case, in dismissal, either before or after appeal is awarded. We dislike dismissing appeals for jurisdictional defects even where, as here, we would likely affirm the judgment of the trial court. Dismissal is especially unpalatable, however, where the correctness of a ruling below is less apparent. Nevertheless, dismissal will continue to be the price of failure to comply with mandatory rule provisions.

*Writ of error dismissed.*