**Norfolk**

GERALDINE K. HOLLEY

v.

CITY OF NEWPORT NEWS

No. 0002-87-1

Decided July 19, 1988

COUNSEL

Ronald L. Smith (Maust and Smith, on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

KEENAN, J. — In this appeal, Geraldine K. Holley asserts that her failure to file a transcript within sixty days after entry of judgment does not bar consideration of the merits of her case. She appeals from an order revoking probation which was originally imposed for driving under the influence. In support of her position that the transcript was timely filed, Holley relies on an order entered by the trial court *nunc pro tunc* which purported to extend the filing date. Upon review of the record in this case, we conclude that the transcript was not timely filed and find that Holley's failure in this regard requires us to dismiss her appeal.

Rule 5A:8 provides that the transcript shall be filed within sixty days after entry of judgment. In the case before us, the order of judgment was entered on December 5, 1986. Accordingly, the transcript was due February 3, 1987. None was filed as of that date. On February 27, 1987, the trial court entered a *nunc pro tunc* order dated January 14, 1987. In that order, the trial court extended the time for filing the transcript to February 27, 1987. The transcript was filed in the circuit court on February 27, 1987.

In *Jordan v. Price*, 3 Va. App. 672, 673, 353 S.E.2d 168, 168 (1987), this Court held that leave to extend the date for filing a transcript must be granted before the deadline occurs. Here, the *nunc pro tunc* order entered by the trial court attempted to accomplish that result. We find, however, that it failed to do so. An order entered *nunc pro tunc* cannot create a fiction that an act not yet performed has already occurred. *Council v. Commonwealth*, 198 Va. 288, 293, 94 S.E.2d 245, 248 (1956). Rather, the power of the trial court to amend by *nunc pro tunc* order is restricted to placing upon the record evidence of judicial action which has already been taken, but was earlier omitted or misstated in the record. *Id.* at 292-93, 94 S.E.2d at 248.

We find that the *nunc pro tunc* order entered here improperly attempted to create the fiction that an extension of time was granted before the filing period had expired. Since the trial court did not have the authority to amend the record in this manner by use of a *nunc pro tunc* order, we find that the order in question did not operate to extend the transcript filing date. For this reason, we conclude that the transcript was not timely filed. *See Jordan v. Price*, 3 Va. App. at 673, 353 S.E.2d at 168.

We further find that the transcript is indispensable to a disposition of this appeal. The judgment order of the trial court states only that Holley raised "alleged legal improprieties" with regard to her original DUI conviction. Without resort to the transcript, we do not know what these alleged improprieties are or whether they were properly preserved for appeal. Accordingly, the appeal before us must be dismissed. *Turner v. Commonwealth*, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).

*Dismissed.*

Baker, J., and Barrow, J., concurred.