Richmond

FREDERICK WILLIAMS, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0841-87-2

Decided December 20, 1988

COUNSEL

J. Hatcher Johnson (Johnson & Spotts, on brief), for appellant.

Wade A. Kizer, Assistant Commonwealth's Attorney, for appellee.

OPINION

**PER CURIAM**—On June 3, 1987, Frederick Williams, Jr. was convicted by a jury of attempted capital murder, attempted abduction, grand larceny, and use of a firearm during the commission of attempted capital murder. Williams filed a timely notice of appeal on July 2, 1987; however, the trial transcripts were not filed in the circuit court clerk's office within sixty days of the entry of judgment as mandated by Rule 5A:8(a).[1] The issue we address here is whether an order entered by the trial court prospectively purporting to make the transcript a part of the record constituted compliance with Rule 5A:8(a). We find that it did not and that the transcripts were thus filed late. Since we further find that the issues raised in the petition for appeal cannot be decided without reference to the transcripts we must dismiss the petition.

The trial court entered final judgment in this case on June 3, 1987. Williams then had sixty days from that date, until August 2, 1987, to either file the trial transcripts or seek an extension from the trial court. He did neither. Instead, the trial tran-

---

[1] Rule 5A:8(a) provides:

The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after the entry of judgment. The judge of the trial court may extend the time for good cause shown.

scripts were not filed until October 7 and 15, respectively. Although there was no request for an extension of time, the record contains an order dated July 6, 1987, which states: "[T]he clerk is ordered to have the record transcribed free of charge and *such transcript is hereby made a part of the record.*" (emphasis added).

The transcripts' filing dates were well beyond the deadline imposed by Rule 5A:8(a). Williams contends, however, that the trial court's July 6 order, in effect, made the transcripts a part of the record on that date even though they had not yet been prepared and would not actually be filed for several more weeks. We disagree.

▮ Rule 5A:8(a) provides the exclusive method by which a transcript can be made a part of the record on appeal. Pursuant to that Rule, the transcript must be timely filed in the circuit court clerk's office. While the Rule allows the trial court to grant an extension for good cause shown, it does not authorize an open-ended suspension of the deadline or provide that a transcript may be deemed a part of the record before it is prepared and filed. Thus, the July 6 order was not a valid exercise of the trial court's authority under Rule 5A:8(a) to extend the deadline for filing the transcripts.

Further, it appears that the July 6 order was never intended to extend the deadline. The main purpose of the order was to appoint appellate counsel and to provide for a free transcription of the record. There was no prior request for an extension or showing of good cause.

The language relied upon by Williams appears to be an attempt to comply with former Rule 5:9(a). Pursuant to that Rule, a transcript was made a part of the record when the trial court so directed in the final judgment or by order entered before or within twenty-one days after entry of final judgment. *See Towler v. Commonwealth*, 216 Va. 533, 221 S.E.2d 119 (1976). That provision is no longer a part of the Rules of the Supreme Court and was never a part of the Rules of the Court of Appeals.[2]

---

[2] We note that Felony Form Order No. 9 in the Handbook for Judges and Clerks contains a phrase identical to the one at issue here. Specifically, the form states: "The clerk is ordered to have the record transcribed (free of charge) and such transcript is hereby made a part of the record." The form cites Rule 5:9(a) and Code § 19.2-165 as authority.

■ Finally, we note in this regard that the trial court entered an order on June 1, 1988, purporting to grant an extension of the filing deadline *nunc pro tunc* as of July 6, 1987. This order has no effect. As we stated in *Holley v. City of Newport News*, 6 Va. App. 567, 370 S.E.2d 320 (1988): "An order entered *nunc pro tunc* cannot create a fiction that an act not yet performed has already occurred. Rather, the power of the trial court to amend by *nunc pro tunc* order is restricted to placing upon the record evidence of judicial action which has already been taken, but was earlier omitted or misstated in the record." 6 Va. App. at 568, 370 S.E.2d at 321 (citation omitted). We find nothing in the present record to indicate that the trial court actually granted an extension on July 6, 1987. Accordingly, the *nunc pro tunc* order attempting to establish an extension as of that date is invalid.

■ Having determined that the transcripts were not made a part of the record, we must now determine whether the issues raised in the petition for appeal can be decided without the transcripts. If the record on appeal is sufficient in the absence of the transcript to determine the merits of the issues on appeal, the court is free to hear and resolve the case. *Turner v. Commonwealth*, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).

Williams raises three issues in his petition for appeal: (1) whether the evidence of grand larceny was sufficient; (2) whether the evidence of attempted capital murder was sufficient; and (3) whether the trial court erred in refusing to allow a poll of the jurors, individually, to determine if they were influenced by Williams' "violent outburst" during the prosecutor's closing argument.

It is clear that none of these issues can be resolved without reference to the trial transcripts. Since the transcripts were not properly made a part of the record, the petition for appeal must be dismissed.

*Dismissed.*

To the extent that the form is based on the former version of Rule 5:9(a), which dealt with the record on appeal, it is outdated and should no longer be used. The proper method for filing a transcript in an appeal to this court is found in Rule 5A:8(a) and the proper method for filing a transcript in an appeal to the Supreme Court is found in Rule 5:11(a).

Baker, J., Barrow, J., Cole, J., Coleman, J., Hodges, J., Keenan, J., and Moon, J., concurred.

Benton, J., joined by Koontz, C.J., and Duff, J., dissenting.

Rule 5A:8(a) states as follows:

The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of judgment. The judge of the trial court may extend this time for good cause shown.

Within sixty days after entry of the conviction order against Frederick Williams, Jr., the trial judge entered an order stating, in part, that "[t]he Clerk is ordered to have the record transcribed free of charge and such transcript is hereby made a part of the record." A circuit court employee transcribed the electronic record but failed to file the transcript until October 7, 1987, more than sixty days after entry of the conviction order.

The Commonwealth did not move to dismiss the petition on procedural grounds. This Court *sua sponte* raised the question concerning the timeliness of the filing of the transcript after the Commonwealth filed a substantive response to Williams' petition for appeal. Indeed, after filing a memorandum in support of dismissal on procedural grounds as directed by this Court, the Commonwealth joined Williams in moving the trial court to enter a *nunc pro tunc* order extending the time for filing the transcript. Thus, it appears that the injustice of dismissing this appeal due to the trial judge's flawed order is not lost upon the Commonwealth.

Because the problem that occurred in this case finds its genesis, in whole or in part, in the trial judge's order, I believe that the general rule concerning filing the transcript should not be rigidly applied. Rule 5A:8(a) gives the trial judge discretion to extend the time for filing the transcript. It is not illogical to suggest that Rule 5A:8(a) permits the trial judge to enter in advance of the due date an open-ended extension order making the transcript a part of the record; however, it is a practice which should not be encouraged and may be violative of the spirit of the rule. Though the trial judge's order in this case apparently represents a misguided attempt to satisfy former Rule 5:9(a) (governing transcripts of records on appeal to the Supreme Court), it undoubtedly misled

Williams' counsel into believing that the order was sufficient to "[make] such transcript . . . a part of the record" for purposes of this appeal. Where, as here, the trial judge has innocently confused the applicable rules and counsel has acted upon a not totally illogical interpretation of the order, the rule must be tempered, particularly when the Commonwealth has not been prejudiced.

Furthermore, it should be noted that the transcript in this case was not prepared for Williams by a privately retained reporting service, but rather by an employee of the circuit court. The circuit court's employee was responsible for transcribing and placing the transcript in the record in a timely manner. The employee failed to do so. The actions and omissions of the employees of the Commonwealth are so inexorably tied to the circumstances that led to this procedural morass that the refusal of this Court to consider Williams' appeal on its merits constitutes a due process violation.

The majority erroneously concludes that the trial judge could not extend *nunc pro tunc* the time for filing the transcript. The trial judge's order of July 6, 1987, specifically directed the clerk of the circuit court to transcribe the record and, by necessary implication, ordered that it be timely filed so as to be "made a part of the record." The circuit court employee's failure to timely file the transcript was purely a clerical error that was properly corrected by a *nunc pro tunc* order extending the time for filing the transcript and thus making it a part of the record in conformity with the July 6, 1987, order. "A court has the power to correct . . . ministerial omissions *nunc pro tunc* when the record clearly supports such corrections." *Cutshaw v. Cutshaw*, 220 Va. 638, 641, 261 S.E.2d 52, 53 (1979); *see also Harris v. Commonwealth*, 222 Va. 205, 210, 279 S.E.2d 395, 398-99 (1981)(untimely entry of order, caused by prosecutor's failure to submit a sketch of an order at judge's direction, together with defense counsel's failure to sign and return the order either to the prosecutor or to the judge, was appropriately cured by a *nunc pro tunc* entry, since errors leading to the nonentry of the order were "'clerical error[s]' within the meaning of the rule allowing a *nunc pro tunc* entry").

Moreover, Rule 5A:8(a) explicitly states that "[t]he judge of the trial court may extend [the filing] time for good cause shown." Without citing any controlling precedent, a panel of this Court held in *Jordan v. Price*, 3 Va. App. 672, 673, 353 S.E.2d 168, 168 (1987), that leave to extend the date for filing a transcript must

be granted before the deadline occurs. I find no precedent for such a rigid rule. No general rule of law prohibits a trial court from exercising its discretion to extend the time for filing a transcript when the failure to act within the time prescribed was the result of excusable neglect or when other good cause is shown. *Cf.* Rule 1:9 ("The time for filing pleadings may be extended by the court in its discretion and such extension may be granted although the time fixed already has expired . . ."). As we stated in *Turner v. Commonwealth*, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986): "We find nothing in the Rules which makes timely filing of the transcript mandatory; rather, the clear objective of these Rules is to ensure that an accurate record, complete to the degree necessary to adjudicate the appeal, is transmitted to this Court."

Finally, it should be noted that the type of order causing the Court such consternation in this case is neither isolated or unique. The Rules of Court contain procedures for perfecting appeals to this Court which differ from the procedures for perfecting appeals to the Supreme Court. Trial judges across the Commonwealth have entered similar orders in other cases routinely and apparently without regard for the differences in the Rules governing appeals to this Court and to the Supreme Court. Although I believe that this Court should, by an appropriate order, inform the bench and the bar that the Rules of Court must be observed and will be enforced, such an announcement should initially be prospective in nature. Certainly, under the circumstances of this case, no purpose is served by denying a merits review of this appeal.

It is for these reasons that I dissent from the order dismissing this appeal.