## CIRCUIT COURT OF STAFFORD COUNTY

Daryl Adam Roy

v.

Mary Catherine Roy,
now known as
Mary Catherine D'Andrea

March 21, 1994

Case No. (Chancery) 93000242

BY JUDGE JAMES W. HALEY, JR.

On December 22, 1993, the court entered a final order adjudicating the custody of the parties' children and setting a visitation schedule. The hearing which resulted in this order was held on November 12, 1993, with a court reporter in attendance. Each party was represented by counsel, and a *guardian ad litem* earlier appointed represented the interests of the children.

On January 24, 1994, Respondent, *pro se*, filed a notice of appeal and a security bond.

On February 15, 1994, Respondent, with new counsel, filed a Motion for Extension of Time to File Transcript. The grounds set forth in the motion were lack of present resources to transcribe the hearing of November 12, 1993, and that "counsel had not been retained for the appeal until February 14, 1994." The motion was filed in the Clerk's Office of the Circuit Court.

No notice was ever sent to opposing counsel or the *guardian ad litem* as to when the motion was to be heard. The Circuit Court of Stafford County had motions days on January 3, February 7, February 8, and February 22, 1994. No order granting or denying this motion has been entered. The court file does not reflect whether such a motion for extension was ever made to "a judge of the Court of Appeals . . ."

as authorized by Rule of Court 5A:8(a). The transcript was ultimately filed February 24, 1994.

To become part of the record for appeal, a transcript must be "filed in the office of the clerk of the trial court within 60 days after entry of the final judgment." Rule of Court 5A:8(a). See *Jordan v. Price*, 2 Va. App. 672, 353 S.E.2d 168 (1987).

The date of entry of the final judgment, here December 22, 1993, is excluded from time calculations. Code § 1–13.3. See *Hurley v. Bennett*, 163 Va. 241, 176 S.E. 171 (1934). Thus, the transcript in the instant cause ostensibly should have been filed on or before February 20, 1994. However, since that date was a Sunday, and since February 21, 1994, was a legal holiday, the date for filing was extended to February 22, 1994, pursuant to the provisions of Code § 1–13.3:1.

In *Holley v. City of Newport News*, 6 Va. App. 567, 568, 370 S.E.2d 320, 321 (1988), the Court of Appeals cited *Jordan, supra*, for the proposition "that leave to extend the date for filing a transcript must be granted before the deadline occurs." And the court in *Holley* held that a late filing of a transcript could not be cured by a *nunc pro tunc* order. In addition, the Court of Appeals in *Williams v. Commonwealth*, 7 Va. App. 516, 375 S.E.2d 364 (1988), held that even if an order certifying the filing of the transcript is entered within the 60-day period, that order did not make the transcript a part of the record because the transcript "had not yet been prepared and would not actually be filed for several more weeks." 7 Va. App. at 518, 375 S.E.2d at 367.

In light of the foregoing, the court cannot certify that "the procedural requirements of . . ." Rule of Court 5A:8 as to timely filing of the transcript have been complied with.

The court will place a copy of this written opinion on the cover sheet of the transcript.