COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

WENDY LEE TADDONIO

v.   Record No. 2041-94-4                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
FRANK THOMAS TADDONIO                          JUNE 27, 1995

                                    FROM THE CIRCUIT COURT OF
THE CITY OF ALEXANDRIA
                      Donald H. Kent, Judge

         (Gwena Kay Tibbits, on briefs), for appellant.

         (Dorothy M. Isaacs; Beverly L. Kiefer; Isaacs &
         Rodriguez, on brief), for appellee.


     Wendy Lee Taddonio (mother) appeals the ruling of the trial

judge that a child support order became final twenty-one days

after entry of the order and could not be reconsidered on her

motion.  Mother raises two issues on appeal: (1) whether the

trial judge erred in refusing to consider as clerical error the

absence of language staying, suspending, or vacating the support

order; and (2) whether the trial judge erred in refusing to

exercise discretionary equitable powers to rehear the support

matter.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  Rule 5A:27.

     By order of June 22, 1994, the trial judge granted the

father's petition to reduce his child support payments.  The

trial judge granted the mother's motion to rehear the matter and

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

set a hearing date.  The order granting the motion did not stay, suspend, or vacate the June 22 support order.  More than twenty-one days after the June 22 order, the father filed a motion to vacate the rehearing order.  Ruling that the trial court was divested of jurisdiction because the June 22 support order was not stayed, suspended, or vacated within twenty-one days of its entry, the trial judge vacated its rehearing order.  See Rule 1:1.

> The operation of Rule 1:1 is mandatory.
> Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1. . . .  The running of time under [Rule 1:1] may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order.  For those reasons, the pendency of the . . . motion for reconsideration, and the subsequent proceedings thereon, have no effect on the outcome.

School Bd. v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989).  Thus, the trial judge did not have discretion to reconsider the final support order after the expiration of twenty-one days from its entry.

The June 22, 1994 support order was never stayed, suspended, or vacated.  "[I]t is not sufficient for the trial judge merely to express a desire to consider action or take the issue under advisement."  D'Alessandro v. Commonwealth, 15 Va. App. 163, 167,

423 S.E.2d 199, 201 (1992).  Therefore, the trial judge did not err in ruling that the June 22, 1994 support order was final and was not subject to being modified more than twenty-one days after entry.

Code § 8.01-428(B) allows the correction of clerical errors by an order nunc pro tunc.  However, a judge's power to make a correction is not unlimited.

> An order entered nunc pro tunc cannot create a fiction that an act not yet performed has already occurred.  Rather the power of the trial court to amend by nunc pro tunc order is restricted to placing upon the record evidence of judicial action which has already been taken, but was earlier omitted or misstated in the record.

Holley v. City of Newport News, 6 Va. App. 567, 568, 370 S.E.2d 320, 321 (1988).  The trial judge could not "by a fiction . . . antedate the . . . [stay of the support order,] an act which never occurred."  Council v. Commonwealth, 198 Va. 288, 293, 94 S.E.2d 245, 248 (1956).

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

3