COURT OF APPEALS OF VIRGINIA

Present:  Judges Fitzpatrick, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


THOMAS J. CARROLL, JR.

v.   Record No. 1089-96-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE CHARLES H. DUFF
JUNE 24, 1997

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Thomas D. Horne, Judge

Jeffrey B. Rice for appellant.

Marla Graff Decker, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Appellant contends that the trial court erred in denying his motion to suppress.  He alleges that he was unlawfully stopped at a Virginia State Police traffic checking detail which lacked constitutionally adequate safeguards.  Thus, he alleges, evidence of his intoxication was unlawfully obtained and should have been suppressed.

Appellant bears the burden of submitting a record sufficient for this Court's consideration of the issues presented.  See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).  While appellant included a transcript of the suppression hearing in the record on appeal, he failed to include a transcript of the trial or a written statement of facts

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

reflecting what occurred at trial.

This Court, in reviewing a trial court's ruling on a motion to suppress, views the evidence in the light most favorable to the prevailing party, and reviews the "evidence adduced at both the trial and the suppression hearing." Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994). See Spivey v. Commonwealth, 23 Va. App. 715, 721, 479 S.E.2d 543, 546 (1997).

This Court retains jurisdiction over a case in which portions of the record are not properly filed and may decide an issue where the missing portions are not indispensable. See Williams v. Commonwealth, 7 Va. App. 516, 519, 375 S.E.2d 364, 366 (1988) (en banc); Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). We hold that in this case, however, a transcript or written statement of facts of the trial is indispensable to a proper review of the trial court's denial of the suppression motion. Accordingly, this case is dismissed.

Dismissed.