COURT OF APPEALS OF VIRGINIA


Present:  Judge Humphreys, Senior Judges Hodges and Overton
Argued at Chesapeake, Virginia


ESTIL F. DAVIDSON, JR.

                                    MEMORANDUM OPINION* BY
v.   Record No. 2222-99-2          JUDGE NELSON T. OVERTON
                                         JUNE 6, 2000
DEBORAH DAVIDSON VAN EPPS


              FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                      Robert G. O'Hara, Jr., Judge

              Lawrence D. Diehl for appellant.

              Adrienne George-Eliades (Hill, Rainey &
              Eliades, on brief), for appellee.


     On appeal from a final order entered pursuant to Code

§ 20-109, Estil F. Davidson, Jr., contends that the trial court

erred in denying his motion to terminate or reduce monthly

spousal support to Deborah Davidson Van Epps.  Deborah Davidson

Van Epps cross-appeals, contending that the trial court erred in

finding that she was cohabiting with another man in a

relationship analogous to a marriage.  See Code § 20-109.

     The record on appeal contains neither a transcript nor a

timely filed statement of facts.  The final order denying

Davidson's motion was entered on August 26, 1999.  No written

statement of facts was filed with the clerk of the trial court

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

within fifty-five days after entry of judgment, as required by Rule 5A:8(c).  On December 3, 1999, the trial court entered a written statement of facts.  On December 4, 1999, the trial court entered an order nunc pro tunc October 20, 1999, granting an extension of time within which to file the written statement of facts.

This order was without effect.

> An order entered nunc pro tunc cannot create a fiction that an act not yet performed has already occurred.  Rather, the power of the trial court to amend by nunc pro tunc order is restricted to placing upon the record evidence of judicial action which has already been taken, but was earlier omitted or misstated in the record.

Holley v. City of Newport News, 6 Va. App. 567, 568, 370 S.E.2d 320, 321 (1988) (citation omitted).  The parties admit that the untimely filing of the written statement of facts was neither inadvertent nor a clerical omission.

The period of time within which the written statement of facts could be made part of the record expired without that statement being filed with the trial court and without an extension of time granted.  The written statement of facts entered by the trial court, therefore, is not part of the record on appeal.  See Mayhood v. Mayhood, 4 Va. App. 365, 368-69, 358 S.E.2d 182, 184 (1987).

> If . . . the [written statement of facts] is indispensable to the determination of the case, then the requirements for making [it] a part of the record must be strictly

-

adhered to.  This Court has no authority to make exceptions to the filing requirements set out in the Rules.

Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).  See also Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 77 (1992) ("Fairness and common sense dictate that policies regarding transcripts and statements of facts be reasonably analogous.").

The Court finds that the statement of facts is indispensable to a determination of the issues raised on appeal. Accordingly, this appeal is dismissed.

Dismissed.

-