# CIRCUIT COURT OF FAIRFAX COUNTY

Mehboob Ahmed

v.

Shirley Wesley

August 28, 2006

Case No. (Civil) 2006-2754/55·

BY JUDGE RANDY I. BELLOWS

This matter comes before the Court on Defendant's Objections to Plaintiff's Written Statement of Facts filed with the Clerk of Court on August 10, 2006. The Court has reviewed Plaintiff's Written Statement of Facts and Defendant's corresponding Objections to the Statement of Facts. After careful consideration, the Court is now prepared to rule on this matter.

Pursuant to Va. Sup. Ct. Rule 5:11(d), after receiving Defendant's Objections to Plaintiff's Written Statement of Facts, this Court must now address both the Objections and the Written Statement of Facts, as Rule 5:11 requires the Court to address Objections within ten days of the filing of such Objections. Defendant filed her Objections to Plaintiff's Written Statement of Facts on August 17, 2006. Consequently, this Court must address Defendant's Objections and Plaintiff's Written Statement of Facts today, August 28, 2006, to comply with Va. Sup. Ct. Rule 5:11(d).

*Factual Background*

On June 15, 2006, this Court entered its Final Order concerning Plaintiff's Complaint. On August 10, 2006, Plaintiff filed a Statement of Facts with the Clerk of this Court. On August 11, 2006, Defendant received a copy of plaintiff's Written Statement of Facts. On August 17, 2006, Defendant filed Objections to Plaintiff's Statement of Facts.

*Legal Discussion*

Rule 5:11 unequivocally states, "a written statement of facts . . . becomes a part of the record when within 55 days after entry of final judgment a copy of such statement is filed in the office of the clerk of the trial court." Furthermore, Va. Sup. Ct. Rule 5:5(a) states, "the times prescribed for filing . . . [a] written statement [of facts for the purposes of compiling the record for an appeal] . . . are *mandatory*." (Emphasis added.) Additionally, the Virginia Supreme Court explicitly holds that compliance with the fifty-five day filing deadline for statements of facts is a necessary prerequisite for appellants using statement of facts to constitute the record for their appeal. *See Towler v. Commonwealth, Grayson County Dep't of Soc. Serv.*, 216 Va. 533, 221 S.E.2d 119 (1976). When discussing compliance with Va. Sup. Ct. Rule 5:9 (predecessor to Va. Sup. Ct. Rule 5:11), the Supreme Court stated, "[w]e take occasion, however, to reiterate the *jurisdictional* nature of Rule 5:9 and to reemphasize the ˙ necessity of compliance with its mandatory requirements . . . we have been forced to dismiss appeals because of failure to observe the rule's requirements." *Towler*, 216 Va. 533, 534, 221 S.E.2d 119 (emphasis added).

*Analysis*

This Court entered its final order in Plaintiff's case on June 15, 2006. Accordingly, pursuant to Rule 5:11, Plaintiff was required to file his statement of facts with the Clerk of this Court within fifty-five days of June 15, 2006, i.e., August 9, 2006. Plaintiff has, therefore, missed the filing deadline because Plaintiff filed his Statement of Facts with the Clerk of this Court on August 10, 2006. Furthermore, Plaintiff did not request an extension from this Court for filing his statement of facts.

Because the requirements of Rule 5:11 are mandatory and jurisdictional, the Statement of Facts submitted by Plaintiff are not properly before the Court. To put it another way, this Court does not believe it has the authority to sign and certify a Statement of Facts which has not been submitted in accordance with Rule 5:11. Therefore, this Court declines to certify or sign Plaintiff's Statement of Facts or to consider Defendant's Objections to Plaintiff's Statement of Facts.