## CIRCUIT COURT OF FAIRFAX COUNTY

Joseph A. Durso
and Master Builder's and
Home Improvements, Inc.

   v.

James Hottle
and Karen Hottle

October 16, 2009

Case No. CL-2008-6264

BY JUDGE DAVID S. SCHELL

     This matter is before the court on Plaintiff's submission of a Statement of Facts pursuant to Rule 5:10 and Rule 5:11 of the Supreme Court of Virginia. No objections to said Statement of Facts have been filed. The court has reviewed the Statement of Facts submitted and the record in this case. After careful consideration, the Court is prepared to rule in this matter.

*Discussion*

A. *Factual and Procedural Background*

     This matter came before the Court on July 16, 2009, upon the motion of the Defendants, James and Karen Hottle to vacate the judgment by default previously entered against them, to enforce the settlement agreement between the parties, and for attorney's fees. The court ruled from the bench on July 16, 2009, and entered a written Order ruling on all issues on July 24, 2009. Plaintiff filed an appeal thereafter and filed his Statement of Facts on September 21, 2009.

B. *Legal Discussion*

Rule 5:5(a) provides that the "times prescribed for filing . . . [a] written statement of facts are mandatory." Rule 5:11 provides that "a written statement of facts . . . becomes a part of the record when within 55 days after entry of judgment a copy of such statement is filed in the office of the clerk of the trial court." The Virginia Supreme Court has opined that these rules and attendant time requirements are jurisdictional. *See Towler v. Commonwealth of Va., Grayson County Dept. of Social Services*, 216 Va. 533, 221 S.E.2d 119 (1976); *Ahmed v. Wesley*, 71 Va. Cir. 393 (2006).

> These are simple, easily understood rule provisions. But they are jurisdictional, and failure to comply therewith will result, as in the present case, in dismissal, either before or after the appeal is awarded . . . dismissal will continue to be the price of failure to comply with mandatory rule provisions.

*Towler*, 216 Va. 533, 535.

## Conclusion

The judgment order in this case was entered on July 24, 2009. Rule 5:11 required the statement of facts to be filed with the Clerk of this Court within 55 days of July 24, 2009, that is, by September 17, 2009. Defendant filed his statement of facts on September 21, 2009, thereby filing four days late. The Defendant made no request for an extension of time to file.

Due to the fact that the requirements of Rule 5:11 are mandatory and jurisdictional, the Defendant's Statement of Facts is not properly before the court. This Court has no jurisdiction to take any action regarding the Defendant's Statement of Facts. Therefore, this Court has no authority to sign and certify the Statement of Facts. Accordingly, the Court declines to sign or certify the Defendant's Statement of Facts.