# CIRCUIT COURT OF LOUDOUN COUNTY

Richard N. Bates et al.

v.

Jack H. Merritt, Jr., et al.

June 29, 2011

Case No. (Law) 64554

By Judge Thomas D. Horne

On November 12, 2010, Plaintiffs Richard N. Bates et al. filed a Complaint against Defendants Jack H. Merritt, Jr., et al. On March 4, 2011, this Court sustained Defendant Merritt Family, Limited Partnership I's ("Partnership") Demurrer and gave the Plaintiffs leave to amend their Complaint against the Partnership on or before April 18, 2011. This Court was to hear a second and third demurrer for other parties to this suit on April 4, 2011, but the Court postponed that hearing to April 19, 2011, when the original judge recused himself. Prior to the April 4, 2011, hearing, the parties agreed out of court that the Plaintiffs would submit a global amended complaint after the Court heard all three of the Demurrers, rather than submitting two separate amended complaints.

On May 3, 2011, the Plaintiffs filed their global Amended Complaint as to all of the Defendants. The Defendant Partnership brings a Motion to Dismiss itself from the Amended Complaint on grounds that the Court sustained the Partnership's Demurrer and the Plaintiffs failed to file an Amended Complaint by the date required in the March 4, 2011, Order.

It is a general principal that a circuit court speaks through its orders. *Berean Law Group, P.C. v. Cox*, 259 Va. 622, 626 (2000). Further, a judgment, order, or decree of a circuit court becomes final 21 days after its entry unless modified, vacated, or suspended by the court before the time expires. Rule 1:1. In *Berean Law Group, P.C.*, the Court held that

"an order that sustains a demurrer and dismisses the case if the plaintiff fails to amend his motion for judgment within a specified time becomes a final order upon the plaintiff's failure to file an amended motion within the specified time." 259 Va. at 626. In the instant case, this Court sustained the Defendant Partnership's Demurrer dismissing the case against them. However, this Court gave Plaintiffs leave to amend their complaint within twenty-one days, an option they failed to exercise within the ordered time.

According to Rule 1:8, "no amendments shall be made to any pleading after it is filed save by leave of court." Va. Sup. Ct. R. 1:8. In *Mechtensimer v. Wilson*, the Court held that, pursuant to Rule 1:8, an amended motion filed without leave by the court lacked legal efficacy. 246 Va. 121, 122-23 (1993). The Court found that, because the amended motion lacked legal efficacy, the trial court did not have jurisdiction over the claims therein. *Id.* Here, the Plaintiffs failed to meet the conditions of the Order dated March 4, 2011, which allowed the Plaintiffs to file an Amended Complaint by April 18, 2011. The Plaintiffs ultimately filed the Amended Complaint on May 3, 2011. By filing the Amended Complaint past the date it was conditioned on, the Plaintiffs no longer had leave by the Court to file it.

Plaintiffs alternatively argue that, in light of the counselors' out-of-court agreement to file a global amended complaint, the Court ought to modify the March 4, 2011, order sustaining Defendants' Demurrer *nunc pro tunc*. Their reasoning is that, if a new order *nunc pro tunc* were entered with a later filing date, the Plaintiffs' amended complaint would stand; therefore, the Court should deny the Defendants' Motion to Dismiss. Although Plaintiffs are correct in their understanding that this Court has the power to enter orders *nunc pro tunc*, the Court can only correct mistakes or omissions in the record of judicial action. Such an order "cannot create a fiction that an act not yet performed has already occurred." *Holley v. City of Newport News*, 6 Va. App. 567, 568, 370 S.E.2d 320, 321 (1988) (citing *Council v. Commonwealth*, 198 Va. 288, 293, 94 S.E.2d 245, 248 (1956)). Furthermore, it is well-established that an extension to a filing date must be granted before the deadline occurs. *Id.* at 568 (citing *Jordan v. Price*, 3 Va. App. 672, 673, 353 S.E.2d 168, 168 (1987)).

In this case, the order sustaining the Defendants' Demurrer was properly entered with leave for the Plaintiffs to file an amended complaint. The Plaintiffs failed to timely file either the amended complaint or a motion for leave to file at a later date. To enter an order *nunc pro tunc* with a later filing date would be to create a fiction that the Plaintiff had timely filed for a leave to extend the original filing date. Such an order would be beyond the scope of the powers of this Court and will not be entered.

An alternative argument for the Plaintiffs to extend the deadline to file an Amended Complaint is under Rule 1:9, which states, "The time allowed for filing pleadings may be extended by the court in its discretion and such extension may be granted although the time fixed already has expired." Va.

Sup. Ct. R. 1:9. Trial courts have been given broad discretion over whether to allow an extension of a filing deadline. *Emrich v. Emrich*, 9 Va. App. 288, 292 (1989). In determining whether to exercise its discretion, "Trial courts applying Rule 1:9 must . . . screen for those cases where the circumstances involved demonstrate good cause for the delay or where leave is otherwise necessary to achieve the ends of justice." *Id.* at 293. Critical to this standard is whether the party who failed to file on time bears the blame for that failure: "Trial courts may properly refuse an extension where the delay is due to negligence or carelessness on the part of the party." *Id.* (citing *Cooper v. Davis*, 199 Va. 472, 476 (1957)).

In the instant case, counsel for both parties preliminarily agreed to file a global amended complaint; however, this agreement took place before the hearing for the second round of demurrers was rescheduled to April 19, 2011, one day later than the date listed in the order allowing Plaintiffs leave to file an amended complaint. Once the hearing date for the other demurrers was moved to April 19, 2011, it was the responsibility of the Plaintiffs to file separate amended complaints or to request an extension. The Plaintiffs drafted the original Order, were present when it was entered and were present when the second Demurrer was rescheduled, giving them adequate notice that a global Amended Complaint could not be completed within the confines of the original Order. Furthermore, the Plaintiffs make no claim of fraud or bad faith on the part of the Defendant.

Given no demonstrable extenuating circumstances, the Plaintiffs' failure to file their Amended Complaint on time or request an extension must be dispositive. It is always unfortunate to dismiss a case under these circumstances, but an extension in this case would be outside the scope of when a discretionary extension should be granted under Rule 1:9. Accordingly, this Court holds that there should be no extension to the original order to file the Amended Complaint against the Merritt Family, Limited Partnership I, and the Defendants' Motion to Dismiss is granted.