COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Beales, O'Brien and Athey
Argued by teleconference


LARRY J. AUSTIN AND
  ROY E. HAHN


v.        Record No. 0808-22-4


JOHN E. WILLIAMS AND
  LAW OFFICE OF JOHN E. WILLIAMS, ESQ.          MEMORANDUM OPINION[*] BY
                                                 JUDGE CLIFFORD L. ATHEY, JR.
JOHN E. WILLIAMS AND                                   JUNE 27, 2023
  LAW OFFICE OF JOHN E. WILLIAMS, ESQ.


v.        Record No. 0832-22-4


LARRY J. AUSTIN, ROY E. HAHN,
  LINDA G. MONTGOMERY, CHENERY ASSOCIATES, INC.,
  CHENERY MANAGEMENT, INC., LI-CHIEN "BILL" TSAI AND
  DEBBIE TSAI


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Grace Burke Carroll, Judge

Scott A. Surovell (Nathan D. Rozsa; Surovell Isaacs & Levy PLC,
on briefs), for Larry J. Austin, Roy E. Hahn, Linda G. Montgomery,
Chenery Associates, Inc. and Chenery Management, Inc.

John E. Williams, *pro se*.

No brief or argument for Li-Chien "Bill" Tsai and Debbie Tsai.


Larry J. Austin ("Austin") and Roy E. Hahn ("Hahn") appeal from a final order of the

Circuit Court of Fairfax County ("trial court") awarding them $117,558 for their professional

negligence claim against John E. Williams and the Law Office of John E. Williams, Esq.

_____

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

(collectively "Williams"). In addition, Williams cross appeals the trial court's final order awarding him $117,558 based on his unjust enrichment claim against Hahn and Linda G. Montgomery. On appeal, Austin and Hahn first contend that the trial court erred by treating the damages awarded for their counterclaim as a "set-off" and, secondly, that by doing so, the trial court failed to award sufficient damages based upon the evidence at trial. Williams asserts fourteen separate assignments of error on appeal, contending that the trial court erred by dismissing several of his claims, awarding Austin and Hahn damages based on their professional negligence claim, and making erroneous evidentiary rulings. However, since the record on appeal does not include a timely filed transcript or written statement of facts in lieu of a transcript from the bench trial and related hearings, and we find a transcript indispensable to resolving the assignments of error alleged by the parties, we cannot reach the merits of any of the assignments of error. *See* Rule 5A:(8)(a) and (c). Consequently, we affirm the judgment of the trial court.[1]

Rule 5A:8(a) requires that for a transcript to be part of the record on appeal, it must be "filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." "This deadline may be extended by a judge of this Court only upon a written motion filed within 90 days after the entry of final judgment. Timely motions will be granted only upon a showing of good cause to excuse the delay." *Id.* Alternatively, an appellant may submit a written statement of facts in lieu of a transcript in compliance with Rule 5A:8(c).

Here, the trial court's final order was entered on April 29, 2022, and therefore, the transcript from the proceedings in the trial court needed to be filed no later than June 28, 2022, to

---

[1] Both parties filed motions to dismiss these appeals. Because we affirm the judgment of the trial court based on our inability to consider the substance of the parties' assignments of error, we need not address these motions. Williams also moved to file a transcript of the argument he anticipated giving during oral argument. We denied his motion.

be considered as a part of this record. Although a notice of filing the transcript was filed on June 27, 2022, the actual transcripts themselves were not filed until June 29, 2022. In addition, neither party filed a motion requesting an extension of time to file the transcripts, and no such extension was granted; nor did either party file a statement of facts in lieu of the transcripts.

"When the appellant fails to ensure that the record contains transcripts or a written statement in lieu of transcript necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). If "the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Smith v. Commonwealth*, 32 Va. App. 766, 771 (2000) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).

On brief, Williams failed to address whether the transcripts missing from the record were indispensable for considering his assignments of error. They are indeed indispensable because, without them, we are unable to ascertain if Williams preserved the arguments he now makes on appeal. Austin and Hahn conceded, both on brief and at oral argument, that the late-filed transcripts were indispensable for resolving their first assignment of error. However, they contended that they were dispensable for determining their second assignment of error with respect to whether the trial court erred by failing to award them further damages on the professional negligence claim. They maintain that only the trial court's final order and their written objections on that final order were needed for evaluating their second assignment of error.

The trial court's final order stated in relevant part:

> ORDERED that for the Counterclaim (Professional Negligence against John Williams and Law Offices of John Williams) it is hereby determined that (i) [Williams] breached the standard of care owed to [Hahn] . . . ; (ii) it further finds that such breach has

- 3 -

caused damages in an amount that is a complete set-off to any damages owed . . . ; (iii) it further finds no specific ad damnum plead or argued on other issues relating to the Counterclaim therefore Court awards no further relief on the Counterclaim.

Contrary to Austin and Hahn's arguments, the trial court did award damages. The issue is therefore not whether the trial court erred by failing to award damages, but whether the trial court erred by awarding $117,558 in damages. This determination cannot be made without the transcripts. Austin and Hahn rely on subsection (iii) of the order to contend that failing to award relief above $117,558 based on not pleading a specific ad damnum amount is in and of itself reversible error. However, the wording of the trial court's order prevents us from fully considering this argument. The order reflects that part of the trial court's basis for not awarding relief over $117,558 was that there was no specific ad damnum pled *or* argued. Because the transcripts are unavailable for our review, we are unable to consider whether and to what extent the parties argued for a greater amount or amendment of the ad damnum. Therefore, the transcripts are indispensable for resolving this assignment of error on appeal.

Thus, after reviewing the record and the briefs, we conclude that a timely-filed transcript, or written statement of facts in lieu of a transcript, of the trial and related court proceedings is indispensable to a determination of all the parties' assignments of error. *See Williams v. Commonwealth*, 7 Va. App. 516, 519 (1988); *Smith*, 32 Va. App at 771; *Turner*, 2 Va. App. at 99-100. Because the litigants failed to ensure that the record contained a transcript or written statement of facts in lieu of a transcript necessary to permit us to resolve the issues they present in their assignments of error, we cannot address the merits of their arguments. Consequently, we affirm the judgment of the trial court.

*Affirmed.*

- 4 -